COLLINS et al., Appellants,

v.

STORER COMMUNICATIONS, INC. et al., Appellees.

[Cite as *Collins v. Storer Communications, Inc.* (1989), 65 Ohio App.3d 443.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55420.

Decided Dec. 4, 1989.

*Wilhelm G. Spiegelberg,* for appellants.

*Walter, Haverfield, Buescher & Chockley, F. Wilson Chockley, Jr, Marcia E. Hurt* and *Kenneth A. Zirm,* for appellees.

JOHN C. CARDINAL, Judge.

The plaintiff hotel and hotel owner appeal[1] from a jury trial judgment for the defendant television station and news broadcasters on their libel claim for broadcasts which alleged that the plaintiffs discriminated against black customers. The plaintiffs in their three assignments of error claim that the trial court erred in granting the defendants' pretrial motions *in limine* for the exclusion of evidence showing (1) that the hotel had not discriminated against certain black customers, (2) anti-Italian bias on the part of the defendants, and (3) the findings of a local community relations board absolving the plaintiff of racially discriminatory practices. Each of these assigned errors lack merit, so we affirm the trial court's judgment.

I

The plaintiffs in their complaint alleged that the defendants defamed them in broadcasts which alleged that the hotel (1) engaged in racially discriminatory practices concerning room placement, room charges, and the use of the hotel restaurant, (2) was delinquent in its payment of county taxes, (3) was delinquent in its payments to independent contractors, and (4) exerted undue influence in the local community relations board's investigation of these matters. The trial court granted the defendants' summary judgment motion with respect to the payment of independent contractors.

The trial court further granted the defendants' pretrial motions *in limine* to exclude (1) black witnesses who were to testify that they had not experienced racial discrimination in their patronage of the hotel, (2) video "outtakes" showing anti-Italian prejudice on the part of the defendants, and (3) the

---

1. The defendants have, pursuant to R.C. 2505.22, filed two cross-assignments of error for our review. Since we affirm the trial court's judgment, we decline to pass upon those assigned errors. R.C. 2505.22; *Duracote Corp. v. Goodyear Tire & Rubber Co.* (1983), 2 Ohio St.3d 160, 163, 2 OBR 704, 706, 443 N.E.2d 184, 186–187.

findings of the local community relations board which concluded that the hotel had not engaged in racially discriminatory practices.

The jury returned a verdict for the defendants on all of the plaintiffs' claims. The plaintiffs appeal the trial court's three evidentiary rulings.

## II

We address the plaintiffs' assigned errors together since the plaintiffs claim in each that the trial court erroneously excluded relevant evidence when it granted the defendants' motions *in limine*. We conclude that the plaintiffs failed to perfect their rights to appeal the exclusion of the contested evidence since they failed to proffer the substance of that evidence at trial. Evid.R. 103(A)(2).

■ "[A] motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue." *State v. Grubb* (1986), 28 Ohio St.3d 199, 201, 202, 28 OBR 285, 288, 503 N.E.2d 142, 145. Accordingly, a proponent who has been temporarily restricted from introducing evidence by virtue of a motion *in limine*, must seek the introduction of the evidence by proffer or otherwise at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. *Id.* at paragraph two of the syllabus.

■ Our review of the record shows that the plaintiffs failed to make a proffer at trial of the excluded evidence. In fact, the trial court specifically refused the plaintiffs' untimely request to proffer evidence of nondiscriminatory treatment after both sides had rested. Further, the substance of the excluded evidence was not revealed from the context within which evidence was developed at trial. Compare *State v. Gilmore* (1986), 28 Ohio St.3d 190, 28 OBR 278, 503 N.E.2d 147. Since the substance of that evidence was not revealed by proffer or otherwise, this court cannot determine whether its exclusion prejudiced the plaintiffs. See Evid.R. 103(A) (no error in exclusion of evidence unless substantial right of party affected). Accordingly, we overrule the plaintiffs' three assigned errors and affirm the trial court's judgment.

■ Assuming *arguendo* that the plaintiffs have accurately stated the substance of the excluded evidence in their brief, we note that the trial court's exclusion of such evidence would not otherwise warrant reversal. A trial court has broad discretion in the admission and exclusion of evidence and a reviewing court shall not reverse a trial court's judgment for failure to admit or exclude evidence unless the trial court has clearly abused its discretion and

the complaining party has suffered material prejudice. *Columbus v. Taylor* (1988), 39 Ohio St.3d 162, 164, 529 N.E.2d 1382, 1384. Accordingly, we would not reverse the trial court's judgment unless the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.* at 165, 529 N.E.2d at 1385.

■  The trial court properly excluded evidence that the plaintiffs had not discriminated against certain black hotel patrons since such evidence would not be relevant to a determinative issue. See Evid.R. 401 ("relevant evidence" defined); Evid.R. 402 (irrelevant evidence inadmissible). The plaintiffs argue that the evidence of nondiscrimination constituted circumstantial evidence of the falsity of the defendants' broadcasts. See *Matalka v. Lagemann* (1985), 21 Ohio App.3d 134, 136, 21 OBR 143, 145, 486 N.E.2d 1220, 1222 (falsity of communication as essential element of defamation action). However, such evidence would not be relevant since the defendants consistently qualified their broadcast, alleging that the hotel discriminated against only "some" blacks. Thus, evidence of nondiscrimination would not be probative of those specific allegations of racial discrimination made by the defendants. Even allowing that evidence of nondiscrimination might have some slight relevance to the plaintiffs' claims, such evidence still would not be admissible since the dangers of misleading the jury and confusing the issues substantially outweigh its probative value. Evid.R. 403(A).

Moreover, the plaintiffs cannot claim that the trial court's exclusion of such evidence constituted reversible error since they were not substantially prejudiced by that ruling. See Evid.R. 103(A). Over the defendants' objections, the trial court permitted five black witnesses, who were either employees or patrons of the hotel, to testify that they had not experienced discrimination by the hotel themselves and that they had not observed discrimination against other blacks. Accordingly, the trial court's pretrial ruling did not substantially prejudice the plaintiffs. Cf. *Jones v. White Motor Corp.* (1978), 61 Ohio App.2d 162, 180–181, 15 O.O.3d 292, 303–304, 401 N.E.2d 223, 234–235 (no prejudice in exclusion of testimony where later witnesses testify to substantially the same matter previously excluded); see, also, Evid.R. 403(B) (trial court may exclude relevant evidence which is merely cumulative).

■  The plaintiffs also complain that the trial court overruled their request for a limiting instruction concerning the failure of the plaintiffs to produce evidence of nondiscrimination. The plaintiffs sought to have the trial court instruct the jury that (1) the trial court had previously ruled that the plaintiffs could not introduce evidence of non-discrimination and (2) no negative inferences should be drawn from the absence of such evidence. The trial court correctly overruled this requested instruction because (1) it did not fairly reflect the evidence, since the trial court permitted plaintiffs to introduce

some testimony concerning nondiscrimination and (2) the instruction was not otherwise relevant to an issue raised by the evidence in the case. Cf. *Pallini v. Dankowski* (1969), 17 Ohio St.2d 51, 46 O.O.2d 267, 245 N.E.2d 353, paragraph two of the syllabus.

█ The trial court properly excluded evidence of anti-Italian prejudice on the part of the defendants since such evidence, too, lacked relevance to an issue at trial. The excluded evidence purportedly consisted of videotapes made by the defendants which characterized a close friend of the hotel owner, who was also a hotel spokesperson, as "mafioso." The defendants never used those tapes in a broadcast. However, the plaintiffs claim that that evidence was relevant to demonstrate that the defendants were motivated by ill will, thus permitting the jury to infer that the defendants acted with knowledge of falsity or in reckless disregard of the truth. Cf. *Katz v. Enzer* (1985), 29 Ohio App.3d 118, 120, 29 OBR 133, 135, 504 N.E.2d 427, 430.

However, such evidence is only relevant if it "can be linked reasonably to the defamatory statements at issue as part of a continuing course of conduct." *Id.* at 121, 29 OBR at 136, 504 N.E.2d at 432. Here there is no such link to the alleged defamatory statements so that evidence is not relevant. Further, the plaintiffs suffered no prejudice from the exclusion of such evidence since the jury found that the plaintiffs failed to prove the falsity of the broadcasts, an essential element of their claim. See R.C. 2739.02. The plaintiffs accordingly cannot predicate error on the court's ruling since they suffered no prejudice. Evid.R. 103(A).

█ The trial court correctly excluded evidence of the findings of the local community relations board since such evidence posed a danger of misleading the jury. The local community relations board apparently found that the hotel had not committed discrimination against blacks. In contrast, the Ohio Civil Rights Commission found sufficient evidence of racial discrimination to issue a formal complaint against the hotel. The trial court granted both parties' respective motions *in limine* and excluded evidence of the findings of these two organizations. While this evidence arguably had probative value, the danger of misleading the jury far outweighed its relevance. Accordingly, the trial court fairly and properly exercised its discretion and excluded that evidence. Evid.R. 403(A).

█ The plaintiffs complain that the trial court's ruling effectively precluded one of their specific libel claims. In their complaint the plaintiffs alleged that the defendants had defamed them by broadcasting the statements of a city councilman who said that he thought that the community relations board's findings resulted from the plaintiffs' unfair influence with city officials. Such

commentary constitutes constitutionally protected opinion under these circumstances. Cf. *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 25 OBR 302, 496 N.E.2d 699. Since those statements were not actionable, the plaintiffs could not have claimed error although the trial court's ruling may have precluded their claim with respect to those statements. Evid.R. 103(A).

*Judgment affirmed.*

NAHRA, J., concurs.

KRUPANSKY, P.J., concurs separately.

JOHN G. CARDINAL, J., of the Ashtabula County Court of Common Pleas, sitting by assignment.

KRUPANSKY, Presiding Judge, concurring.

I agree with the majority's affirmance of the case *sub judice*. However, I disagree with the section of the opinion which addresses the merits of plaintiffs' appeal.

The opinion finds plaintiffs failed to proffer the excluded evidence and thus have failed to exemplify their error. The opinion further states since the substance of the excluded evidence was not revealed from the context within which evidence was developed at trial, this court cannot determine whether the excluded evidence prejudiced plaintiffs.

The opinion then apparently disregards its initial finding that plaintiffs failed to exemplify their error and then, in a glaring internal contradiction, addresses the merits of plaintiffs' appeal, including an inexplicable analysis of the relevancy of the excluded evidence and the fact plaintiffs were not prejudiced by the trial court's rulings. Absent abject speculation, I cannot understand how the opinion addresses the merits of plaintiffs' appeal by considering the substance of the same evidence plaintiffs failed to proffer and which was not apparent from the context of trial.

I would have found plaintiffs failed to exemplify their error and affirmed the trial court's granting of defendants' motions in limine. I would not have addressed plaintiffs excluded evidence since plaintiffs failed to preserve their error by a proffer and the excluded evidence is not contained in the trial court record.