OPINION
On August 14, 1996, the Muskingum County Grand Jury indicted appellant, William Lawhon, on one count of rape in violation of R.C. 2907.02(A)(1)(b). Said charge arose from an incident involving Barbara Cottrell, then twelve years old.
A jury trial commenced on February 18, 1997. The jury found appellant guilty as charged. By judgment entries filed July 15, 1997, the trial court sentenced appellant to five years in prison and adjudicated appellant a sexual predator.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN PROHIBITING THE DEFENDANT-APPELLANT FROM INQUIRING INTO THE PSYCHOLOGICAL HISTORY OF THE ALLEGED VICTIM.
II
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S CRIMINAL RULE 29(A) MOTION FOR A DIRECTED VERDICT OF ACQUITTAL, WHEN THE STATE OF OHIO FAILED TO ESTABLISH WITH SUFFICIENT PARTICULARITY, DURING ITS CASE IN CHIEF, THAT THE OFFENSE OCCURRED WITHIN THE TIME FRAME EXPRESSED IN THE INDICTMENT.
III
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN RULING THAT IF THE DEFENDANT-APPELLANT ATTEMPTED TO IMPEACH THE TESTIMONY OF THE VICTIM HEREIN THROUGH THE USE OF HER PRIOR, INCONSISTENT STATEMENTS, THE PROSECUTION WOULD BE PERMITTED TO INTRODUCE EVIDENCE OF MR. LAWHON'S, PROPERLY EXCLUDED, ILLEGALLY OBTAINED, INTERVIEW WITH POLICE.
IV
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THE DEFENDANT-APPELLANT A SEXUAL PREDATOR WHEN THE STATUTE AUTHORIZING SUCH A CLASSIFICATION IS UNCONSTITUTIONALLY VAGUE.
V
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN REQUIRING THE DEFENDANT-APPELLANT TO COMPLY WITH THE REGISTRATION REQUIREMENTS OF OHIO REVISED CODE § 2950.04, WHEN THE STATUTE AUTHORIZING SUCH A REGISTRATION IS A RETROACTIVE ENACTMENT OF AN ADDITIONAL CRIMINAL OBLIGATION AND, THUS, UNCONSTITUTIONAL UNDER THE OHIO CONSTITUTION.
 I
Appellant claims the trial court erred in denying him the right to cross-examine Ms. Cottrell concerning her psychological history. Appellant claims the trial court improperly applied the "rape shield law" [R.C. 2907.02(D)] in this case. We disagree.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Pursuant to Evid.R. 104, the initial determination as to admissibility and relevancy rests with the trial court. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Appellant argues a prior suicide attempt by Ms. Cottrell was probative of her truthfulness and credibility. Appellee, the State of Ohio, argues the "suicide" issue was new to them, but admitted Ms. Cottrell was on medication for a previous rape against her which had occurred when she was seven. T. at 83. Appellee argued the provisions of R.C. 2907.02(D) applied. The trial court found the "rape shield law" applicable but also found the relevancy of the suicide attempt suspect:
 THE COURT: Well, I think I'll sustain that argument, but also, I think that all this is highly personal and precedes the date of this alleged offense, and I don't think it's proper for the court to allow the witness to be savaged by her personal medical — medical history. So for those reasons the State recites as well as the reasons I've just recited, I'm not going to allow the Defense to cross-examine her on these factors.
Appellant argues not only was the suicide attempt relevant, the trial court erred in failing to conduct a hearing pursuant to R.C. 2907.02(E) which states as follows:
 (E) Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial.
Appellant's request for a ruling on the suicide attempt evidence was not made three days prior to trial but rather after Ms. Cottrell's direct examination. We note the hearing may be conducted during the trial "for good cause shown." However, not only did this issue surprise appellee, it was clearly known to defense counsel prior to trial. We find appellant's failure to follow the time requirements of R.C. 2907.92(E), coupled with the failure to lay a foundation for the admission of the suicide attempt, to be fatal to appellant's argument that the trial court should have conducted a hearing. Further, the use of the suicide attempt to attack credibility when such attempt related to a previous sexual incident is prohibited by R.C. 2907.92(E) as it does not pertain to "evidence of the origin of semen, pregnancy or disease, or the victim's past sexual activity with the offender."
Given the lack of sufficient foundation, the timeliness of the motion and the lack of sufficient foundation for relevancy, we find the trial court did not abuse its discretion in denying the admission of Ms. Cottrell's prior suicide attempt.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his motion to acquit pursuant to Crim.R. 29(A). Appellant argues Ms. Cottrell did not give a date for the offense and no other evidence established the offense occurred on July 14, 1996. We disagree.
 (A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
Ms. Cottrell testified her relationship with appellant's daughter changed after July 14, 1996 (T. at 104), the incident occurred on July 14, 1996 when she was on a camping trip with her brother and appellant at Dillon State Park (T. at 75), and she was sure of the date (14th) and year (1996) but unsure of the month (either June or July). T. at 103.
Thomas Stewart, park officer for the Ohio Department of Natural Resources, testified appellant had registered in the park from July 11, 1996 to July 15, 1996. T. at 150.
Upon review, we find the evidence to substantiate that reasonable minds could reach different conclusions as to whether each material element of the crime had been proven beyond a reasonable doubt.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in ruling that if defense counsel cross-examined Ms. Cottrell on two prior written inconsistent statements made to police, then appellee could rehabilitate Ms. Cottrell by questioning her as to why she made those statements to the police (thereby introducing appellant's excluded statements made to the police). We disagree.
The trial court agreed appellant had the right to cross-examine Ms. Cottrell on the two prior inconsistent statements, but held appellee had the right to rehabilitate her:
 THE COURT: Well, I think, first of all, the Court would agree that both of these issues are the subject of proper cross-examination. However, as you note, since there's two separate statements, to not allow the Prosecutor to refer to both of them or explain the reasons is certainly not fair.
 However, I don't want the Defense to think that I'm permitting the Prosecutor to refer to the Defendant actually confessing. I think that my ruling would be that he may indicate that they interviewed the Defendant and then went and sought the second statement from the victim, which the State may not agree that that's enough latitude, so I don't know how we protect that on the record, but anyway —
T. at 98-99.
Appellant never pursued the issue on cross-examination.
As stated earlier, ruling on evidentiary issues rest within the trial court's sound discretion. Sage; Blakemore.
Appellant argues the trial court's discussion on the extend of rehabilitation by appellee created an environment where the possibility of appellant's excluded statements (per Miranda v.Arizona (1966), 384 U.S. 436) could have come before the jury.
We do not find the trial court's explicit ruling to violate the precepts of Miranda. Also, motions in limine are not definitive rulings on evidence. It is not until the actual examination of the witness does the final ruling appear. State v.Grubb (1986), 28 Ohio St.3d 199; Collins v. Storer Communications,Inc. (1989), 65 Ohio App.3d 443.
Although appellant argues the trial court's ruling put him in "Pandora's Box" therefore precluding him as a judgment call from pursuing the cross-examination, we find the trial court's decision did not jeopardize appellant's victory on the Miranda ruling.
Assignment of Error III is denied.
 IV, V
Appellant claims the trial court erred in following R.C.2950.09 and R.C. 2950.02 because both statutes are unconstitutional. We disagree.
Appellant did not raise the issue of the constitutionality of R.C. 2950.01 et seq. at the trial court level. As stated by the Supreme Court of Ohio in State v. Awan (1986), 22 Ohio St.3d 120, syllabus:
 Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
Assignments of Error IV and V are denied.
The judgment of the Court of Common Pleas Court of Muskingum County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.