DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court judgment that dismissed the action brought by Brian Carver, plaintiff below and appellant herein, for failure to prosecute. The following errors are assigned for our review:[1]
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF PLAINTIFF IN RULING THAT PLAINTIFF BRIAN CARVER WAS INCOMPETENT TO TESTIFY WITHOUT HOLDING A COMPETENCY HEARING AS REQUIRED BY O.R.C. § 2317.01."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE [sic] OF PLAINTIFF BY NOT ORDERING DEFENDANTS ROCKY [sic] HOWARD AND RODNEY CRABTREE TO COMPLY WITH DISCOVERY, [sic] BY NOT ORDERING DEFENDANT RODNEY CRABTREE TO [sic] APPEAR FOR PROPERLY NOTICED DEPOSITION, AND BY NOT ORDERING [sic] DEFENDANTS ROCKY HOWARD AND RODNEY CRABTREE [sic] TO APPEAR AT TRIAL."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF PLAINTIFF BY NOT CONTINUING THE TRIAL, FOR AS LITTLE AS ONE HOUR, WHEN REQUESTED BY PLAINTIFF'S COUNSEL UNDER THE CIRCUMSTANCES OF THIS CASE."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF PLAINTIFF IN DISMISSING THE CAUSE OF ACTION WITH PREJUDICE."
FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT DENIED PLAINTIFF BRIAN CARVER HIS RIGHT TO A JURY TRIAL AS GUARANTEED TO HIM BY THE CONSTITUTIONS OF THE STATE OF OHIO AND THE UNITED STATES OF AMERICA."
SIXTH ASSIGNMENT OF ERROR:
 "REFUSING TO GRANT PLAINTIFF THE RIGHT TO A COMPETENCY HEARING DENIED HIM HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS GUARANTEED TO HIM UNDER THE CONSTITUTIONS OF OHIO AND THE UNITED STATES OF AMERICA."
A review of the record reveals the following facts pertinent to this appeal. On the evening of July 23, 1994, appellant was involved in a melee that broke out in, or around, "Kilcoynes" bar in Portsmouth. Appellant allegedly sustained severe injuries including head trauma, brain damage and partial blindness. He commenced the action below on October 13, 1999[2], against Map Corporation, d/b/a Kilcoynes (hereinafter "Kilcoynes"), Michael Wesley Fitch (the owner of Kilcoynes) as well as Rocky Howard and Rodney Crabtree (who had some affiliation Kilcoynes)[3], defendants below and appellees herein. The complaint set forth a variety of claims, including negligence and assault, and demanded both compensatory and punitive damages. Appellees all denied liability.
The matter was eventually set for trial on January 22, 2001. On the morning of trial, Kilcoynes, Fitch and Crabtree filed a motion in limine
asking that appellant be found "not competent to testify." Appellees asserted that the beating appellant received during the brawl at Kilcoynes had left him so cognitively impaired that he was incompetent to be a witness pursuant to Evid.R. 601(A).[4] In support of their position, they attached copies of records showing that appellant had been deemed incompetent to stand trial on an aggravated robbery charge for which he was indicted in 1994.[5] Appellees argued that appellant was incompetent to testify as a witness below.
Although appellant had only received a copy of the motion the morning of trial, and obviously did not have an opportunity to file a written response, the court granted the motion and ruled that he was incompetent. Appellant then requested a continuance in order to conduct a competency evaluation. The trial court denied his request. Appellant then asked for and received a brief recess. The trial transcript reveals the following events that transpired after the recess:
 "THE COURT: Okay. Counsel, we're back on the record. We're going to call the jury in or do you have something that — you've told the Court you're not going to proceed today, [counsel]?
 [COUNSEL] I know, judge. We just got a new settlement offer. I haven't even proposed it to my client. It's now five till 12. I've got people at my office scrambling through research. Can we have until after lunch?
 THE COURT: No. We're going to go now. You've told the Court you're not ready to proceed I'll dismiss the case?
 [COUNSEL] Okay. Can I ask under which rule the Court would be dismissing?
THE COURT: Failure to prosecute.
[COUNSEL] That is on the merits?
THE COURT: Yes.
 [COUNSEL] We couldn't get a 41(B)(3) which is the exception to on the merits —
THE COURT: No.
[COUNSEL] — under the circumstances?
 THE COURT: No. You gentlemen can still discuss settlement. There's an appeal that you would take and that would have some bearing on whether you want to resolve this matter. You can continue to talk about that, discuss that. That's my opinion only.
 Now sir, you told the Court you're not prepared to proceed, the case is dismissed.
 [COUNSEL] My question is whether or not — my question is I don't know whether or not I have to take the bullet of a jury finding in order to get to the Court of Appeals and I'm trying to make that determination.
 THE COURT: Well, the Court has ruled. Case will be dismissed, failure to prosecute at this point. I'm going to cut the jury loose.
[COUNSEL] That's the ruling right now?
 THE COURT: Yeah. Sure is. You've told me you're not ready to go. You're not prepared to proceed. It is now almost 12:00. That's the ruling of the Court."
The trial court entered judgment on January 24, 2001, and dismissed the case for failure to prosecute. This appeal followed.
 I
We will jointly consider the first and sixth assignments of error which both involve the trial court's ruling that appellant was incompetent to testify. At the outset, we note that this ruling came in response to a motion in limine. Generally, appellate courts do not directly review rulings on motions in limine. See State v. White (Oct. 21, 1996), Gallia App. No. 95CA08, unreported. Those rulings are tentative and interlocutory and made by a court only in anticipation of its actual ruling on evidentiary issues at trial. McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 625 N.E.2d 236, 250; Collins v. StorerCommunications, Inc. (1989), 65 Ohio App.3d 443, 446, 584 N.E.2d 766,767-768. The grant or denial of a motion in limine does not preserve error for review. See State v. Hill (1996), 75 Ohio St.3d 195, 202-203,661 N.E.2d 1068, 1077. In order to preserve the error for appeal, the evidence must be presented at trial and a proper objection be lodged. SeeState v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, at paragraph three of the syllabus; State v. Grubb (1986), 28 Ohio St.3d 199,503 N.E.2d 142, at paragraph two of the syllabus. An appellate court will then review the correctness of the trial court's ruling on the objection rather than the ruling on the motion in limine. White, supra; Wray v.Herrell (Feb. 24, 1994), Lawrence App. No. 93CA08, unreported. When there is no trial, as in the cause sub judice, there can be no review on the motion in limine. Gallucci v. Freshour (Jun. 22, 2000), Hocking App. No. 99CA2, unreported; State v. James (May 11, 1994), Medina App. No. 2261-M, unreported; State v. Schubert (Dec. 22, 1986), Seneca App. No. 13-85-22, unreported.
Accordingly, we are precluded from addressing the substantive merits of the trial court's in limine decision regarding appellant's competency. That does not mean, however, that we cannot review the procedure by which that decision was reached. Kilcoynes, Fitch and Crabtree filed their motion the day of trial. Apparently, counsel had just learned of appellant's prior involvement in the criminal proceeding and his competency finding. The certificate of service indicates that the motion was "hand delivered" to opposing counsel that morning. Appellant was, however, afforded no opportunity to file a written response or to submit materials on his own behalf.
The fundamental requirements of due process are notice and an opportunity to be heard at a meaningful time and manner. See State v.Hochhausler (1996), 76 Ohio St.3d 455, 459, 668 N.E.2d 457, 463; In reAdoption of Zschach (1996), 75 Ohio St.3d 648, 653, 665 N.E.2d 1070,1075. Appellees' did not serve their motion until the morning of trial. Counsel was then expected to respond to that motion, on the spot, without an opportunity to file any written memorandum or materials to support his position. We believe that this procedure fails to comply with concepts of due process of law.
Furthermore, Evid.R. 601(A) establishes a presumption that everyone over ten years of age is competent to be a witness. See State v. Clark
(1994), 71 Ohio St.3d 466, 469, 644 N.E.2d 331. This presumption cannot be overcome, and a witness found to be incompetent, without at least some minimal inquiry (i.e. a hearing and an opportunity to present evidence). In the case sub judice, the transcript indicates that appellant was found incompetent on the following basis:
 "When reviewing the motion, the memorandum and this Court's documents I do find the plaintiff was declared incompetent. And while my memory is not what it used to be, I didn't recall the criminal case against the plaintiff until I reviewed the memorandum and the documents attached thereto.
 And in the criminal case that this plaintiff was declared incompetent I do note * * * that I declared him incompetent. And no one has offered anything more to this Court that he has been restored to competency.
* * *
 What this Court is faced with is whether to permit the plaintiff to testify or that his deposition be admitted into evidence and I've taken judicial notice that he's clearly incompetent. The expert reported to the Court that he cannot recall, he cannot assist his attorney, his recollection would be of very little value to the extent that the eventual result of the criminal charges, which were serious, were dismissed by the State.
* * *
 So I'm faced with, if I grant the motion, that I would acknowledge that this defendant — or this plaintiff is still incompetent. The value of his testimony due to the incompetency would be relatively worthless. It would not be good evidence to provide to a jury.
 Therefore, the Court is going to find that the motion is well taken and it is granted." (Emphasis added.)
We believe that the trial court erred for two main reasons. First, we note that one possible explanation why appellant proffered no evidence to show that appellant may have been restored to competency is because appellant had received no official notice that the issue was going to be raised. Appellees did not serve appellant with a copy of the motion until the morning of trial. We believe that appellant cannot reasonably be expected to have mounted any defense until he received service and he could learn of the actual argument(s) in support of appellees' request. Moreover, after the court ruled on the motion, appellant asked to have an evaluation performed. The trial court denied his request, however.[6]
Second, appellant's mental status six (6) years ago is not necessarily indicative of his current mental status. Appellant's counsel argued that after the brawl at Kilcoynes, his client's "brain was like scrambled eggs." However, appellant was said to have "recovered substantially" since that time. This may or may not be true. Without a hearing, however, the trial court cannot properly determine appellant's current mental status. We note that even a witness who has been committed to a mental facility is not automatically rendered incompetent to testify as long as the witness has sufficient understanding to comprehend the obligation of an oath and is capable of giving a correct account of the matters seen or heard in reference to the questions at issue, notwithstanding some unsoundness of mind. See State v. Cooper (2000),139 Ohio App.3d 149, 164, 743 N.E.2d 427; also see State v. Dunning
(Dec. 11, 2000), Brown App. No. CA2000-03-004, unreported; State v.Tanner (Jun. 29, 1999), Richland App. No. 98CA28, unreported. See, also,State v. Bradley (1989), 42 Ohio St.3d 136, 140, 538 N.E.2d 373, 379, in which the Ohio Supreme Court, quoting State v. Wildman (1945),145 Ohio St.3d 379, 61 N.E.2d 790, paragraph three of the syllabus, noted that showing a witness to be of unsound mind does not automatically render him incompetent to testify: "`A person, who is able to correctly state matters which have come within his perception with respect to the issues involved and appreciates and understands the nature and obligation of an oath, is a competent witness notwithstanding some unsoundness of mind.'" Again, in order to determine whether appellant falls within these competency guidelines some sort of hearing is necessary.
To summarize, we do not reach the substantive merits of the trial court's decision finding appellant incompetent to be a witness. We do find, however, that the court erred by making that determination without affording appellant at least a minimal degree of due process. For these reasons, we overrule appellant's first assignment of error, but sustain appellant's sixth assignment of error.
 II
Appellant argues in his third assignment of error that the trial court's denial of his request for a continuance in order to secure a competency evaluation or the testimony of other witnesses constitutes reversible error. We agree.
Admittedly, the decision to grant or deny a continuance rests with the sound discretion of the trial court. State v. Mason (1998),82 Ohio St.3d 144, 155, 694 N.E.2d 932, 947; State v. Clayton (1991),61 Ohio St.3d 234, 241, 574 N.E.2d 472, 478; State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078, at the syllabus. A trial court's decision will not be reversed on appeal absent an abuse of that discretion. State v. Bomar (Oct. 23, 2000), Scioto App. No. 00CA2703, unreported; State v. Meredith (Jun. 22, 2000), Lawrence App. No. 99CA2, unreported. As counsel aptly noted below, appellant had his "legs cut out from under [him]" when the court declared him, on the morning of trial, incompetent to be a witness. Appellant had no opportunity to garner evidence to oppose the motion. We believe that to deny appellant the opportunity to oppose the motion without having received meaningful prior notice, constitutes an abuse of discretion. Accordingly, we sustain appellant's third assignment of error.
 III
Appellant argues in his fourth assignment of error that the trial court erred by dismissing his claims for failure to prosecute. We agree.
To begin, as appellant correctly points out in his brief, he did not definitively tell the court that he was unable or unwilling to proceed. Our reading of the transcript reveals that appellant's counsel was desperately attempting to plan a course of action in order to go forward with his claims. Appellant's case was summarily dismissed, however.
We acknowledge that the decision to dismiss for failure to prosecute is relegated to the sound discretion of the trial court and such decision will not be reversed absent a showing of an abuse of that discretion. SeeQuonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47,684 N.E.2d 319, 321; Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371,678 N.E.2d 530, 534; Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91,437 N.E.2d 1199, 1201. Once again, however, we conclude that based upon the facts present in the case sub judice the trial court's decision was arbitrary, unreasonable and unconscionable and, thus, an abuse of discretion.
We note that a Civ.R. 41(B)(1) involuntary dismissal on the merits for the failure to prosecute is "a harsh remedy that calls for the due process guarantee of prior notice." (Emphasis added.) Sazima v. Chalko
(1999), 86 Ohio St.3d 151, 155, 712 N.E.2d 729, 733; Ohio Furniture Co.v. Mindala (1986), 22 Ohio St.3d 99, 101, 488 N.E.2d 881, 883. As we discussed, supra, appellant did not receive notice that his case was going to be dismissed that morning. Admittedly, after the parties returned from recess, the trial court gave appellant some indication that dismissal was only moments away. We conclude, however, that this was insufficient to comply with the requirements of Civ.R. 41(B)(1). The purpose of notice under that rule is to provide the plaintiff with "an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Quonset Hut, Inc., supra at 48, 684 N.E.2d at 322; Logsdon v. Nichols (1995), 72 Ohio St.3d 124,128, 647 N.E.2d 1361, 1365; also see McCormac, Ohio Civil Rules Practice (2nd Ed. 1999) 357, § 13.07. Appellant had no opportunity to correct
the problems that beset him that morning after he was ruled incompetent to testify at trial. Thus, we believe that appellant was not given meaningful notice under Civ.R. 41(B)(1) and, consequently, the dismissal for failure to prosecute was in error.
Our ruling on this point is further buttressed by the fact that the Ohio Supreme Court has consistently warned that cases should be decided on their merits whenever possible. State ex rel. Montgomery v. R DChem. Co. (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 822; Perottiv. Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951, 952; Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 175, 297 N.E.2d 113, 122. Further, we note that appellant did not appear for trial unprepared. He did not arrive that morning and simply refuse to go forward. He was met, instead, with a motion to have him deemed incompetent to be a witness. The trial court granted that motion even though appellant had no opportunity to respond and to present materials in opposition. The trial court then dismissed the case when appellant could not provide alternate means of proceeding. Accordingly, we hereby sustain appellant's fourth assignment of error.
 IV
We will jointly address the second and fifth assignments of error as we dispose of them on similar grounds. Appellant argues in his second assignment of error that the trial court erred by overruling his motion to compel discovery. As he notes in his brief, however, this motion was not actually overruled so much as it was never ruled upon.[7] In light of the fact that we are remanding this case for further proceedings, we believe that the trial court will now have an opportunity to fully address this issue.
Appellant argues in his fifth assignment of error that the trial court denied him his constitutional right to a jury trial by dismissing his claims below. Once again, in light of our judgment herein, this argument is essentially rendered moot and we see no need to address it. See
App.R. 12(A)(1)(c). For these reasons, appellant's second and fifth assignments of error are hereby overruled.
Thus, having sustained the third, fourth, and sixth assignments of error, we hereby reverse the trial court's judgment. We remand this matter for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENTWITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that the case be remanded for further proceedings. Appellant shall recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
PETER B. ABELE, Presiding Judge.
ABELE, P.J. KLINE, J. Concur in Judgment Opinion.
HARSHA, J. Concurs in Judgment Only.
[1] Appellant's brief does not contain a separate statement of his assignments of error as required by App.R. 16(A)(3) and so we have taken these from the table of contents therein.
[2] Although not apparent from the record, the briefs indicate that appellant first brought suit in 1996, but dismissed that action the following year. The case sub judice is simply that action "refiled."
[3] Appellant alleged in his complaint that Rocky Howard was an agent/employee of Map Corporation and Michael Fitch. Appellees admitted that allegation in subsequent pleadings. Appellant also alleged that Rodney Crabtree was an agent/employee but that allegation was denied. Nevertheless, Crabtree joined in an answer with Map Corporation and Fitch thereby suggesting that there is some sort of relationship between them.
[4] The provisions of Evid.R. 601(A) state that every person is competent to be a witness except those of "unsound mind" who appear incapable of receiving just impressions of the facts or of relating them truly.
[5] This crime allegedly took place several months before the incident at Kilcoynes.
[6] There is some indication in the trial transcript that appellant's counsel was aware of his client's competency problems six years earlier. There is even a suggestion that counsel had some advanced warning that a motion in that regard was going to be filed. However, it is a considerable stretch to take that knowledge and extrapolate therefrom a duty to defend against a motion he had not even seen. We would also point out that this case was pending for over a year before trial and there is no apparent reason why the motion could not have been filed sometime sooner. The timing of the request, coming the day of trial when appellant would not have an opportunity to respond or request a hearing, is highly suspect.
[7] Motions not explicitly decided when a case is concluded are presumed to have been overruled. In re Lewis (Apr. 30, 1997), Athens App. Nos. 96CA1760 96CA1763, unreported; State v. Rozell (Jun. 20, 1996), Pickaway App. No. 95CA17, unreported; State v. Kennedy (Oct. 2, 1995), Athens App. No. 95CA1657, unreported.