OPINION
{¶ 1} Plaintiff-appellant, Thomas Hores, appeals the judgment of the Trumbull County Court of Common Pleas, following a jury trial, in favor of defendant-appellee, Timothy Jon Weaver, on Hores' personal injury claim. At sole issue in this appeal is whether the trial court erred in excluding the testimony of Edward Brooks, the only non-party eyewitness to the accident which caused Hores' injuries. We conclude that the trial court abused its discretion by excluding Brooks' testimony, and reverse the decision of the trial court.
 {¶ 2} In the early morning hours of December 31, 1997, Hores was operating a tractor-trailer truck eastbound in the right-hand lane along a mostly flat rural stretch of the Pennsylvania Turnpike, just west of Breezewood, Pennsylvania, en route from Wheeling, West Virginia, to Philadelphia.
 {¶ 3} Weaver worked as a driver for Nick Strimbu, Inc. ("Strimbu"), an Ohio Corporation, and was hauling steel on a covered flatbed trailer on the night of the accident. Weaver was also traveling eastbound on the turnpike, in the right hand lane, at a speed of 25-35 miles per hour, after recently entering the turnpike from a paved pull off area at the side of the road, commonly referred to as a "wide area." While not technically a rest area or service plaza, these paved "wide areas" are commonly used by truck drivers as stopping points along the Pennsylvania Turnpike.
 {¶ 4} Hores' truck approached Weaver's truck from behind, traveling at a speed of 65 to 67 miles per hour. For whatever reason, Hores did not slow down as he approached the Weaver truck. As he approached the rear of Weaver's truck, Hores suddenly swerved in an attempt to avoid a collision, but struck the trailer in the left rear. On impact, Hores' truck burst into flames and eventually came to rest in the left-hand lane near the concrete median divider. As a result of the accident, Hores suffered serious injuries to his knee and shoulder.
 {¶ 5} Brooks, who was traveling in the opposite direction, witnessed the explosion when the trucks collided. Upon witnessing the explosion, Brooks, who was among a group of three trucks driving a short-run mail route that night, radioed to the two other drivers and requested that they report the accident to the police. Brooks then pulled over to the side of the road and ran back to the scene of the accident to assist Hores. Hores, who was trapped inside the burning truck, attempted to escape through the windshield, but his foot was tangled in the safety belt. Brooks extracted Hores from his truck, cutting the belt free from Hores' foot and moving him to safety. Hores was subsequently life-flighted to Hershey Medical Center for treatment.
 {¶ 6} Approximately twenty minutes from the time of the accident, the Pennsylvania State Police arrived on the scene, and took statements from Weaver and Brooks. Police were unable to take a statement from Hores until the next day. Brooks subsequently appeared as a witness at two traffic proceedings in Pennsylvania related to the accident. In the first proceeding, Hores was charged and found guilty of careless driving. In the second proceeding, Hores appealed his traffic conviction, and it was reversed.
 {¶ 7} Hores filed a personal injury action against Weaver in Belmont County, Ohio, alleging, inter alia, negligence, and reckless and conscious disregard for safety of others from both Weaver and Strimbu, under the theory of respondeat superior and seeking compensatory and punitive damages. This case was subsequently transferred to Trumbull County, upon stipulation of the parties, under Case No. 02-CV-816, and the cause was consolidated for the purposes of trial on the merits with Case Nos. 02-CV8-17 and 02-CV-1480. The central issue at trial was whether Weaver was negligent in operating his vehicle, by failing to make his vehicle "reasonably discernible." A major point of contention between the parties with respect to the discernibility issue was whether, at the time of the accident, Weaver was operating his four-way flashers, as required by Pennsylvania law.
 {¶ 8} On July 30, 2004, and August 4, 2004, Weaver and Strimbu filed two motions for protective orders, pursuant to Civ.R. 26(C). Both motions alleged that Hores failed to reply to defendants' interrogatories and, therefore, should be precluded from calling any witnesses who were not disclosed to the defense.
 {¶ 9} On February 26, 2004, Hores filed a "motion in opposition to defendant's motion for a protective order." Weaver then filed a reply brief to Hores' motion in opposition.
 {¶ 10} On March 26, 2004, the court held a final pre-trial hearing, and issued a judgment entry stating the following:
 {¶ 11} "The Court considered Defendants, Timothy Jon Weaver and Nick Strimbu Trucking Company Inc.'s, [sic] motion for protective order, Plaintiffs' [sic] motion in opposition and Defendants' reply to Plaintiff's motion in opposition.
 {¶ 12} "The court will allow Edward Brooks to be deposed. If the court determines that his testimony is materially different then [sic] his prior statements and testimony at other proceedings, the Court will not allow him to testify at trial. If the testimony is consistent with previous statements[,] he will be permitted to testify." No transcript was made of the pretrial hearing on March 26, 2004.
 {¶ 13} Brooks was deposed on March 29, 2004. The matter proceeded to a five day jury trial on the same day. On March 30, 2004, Weaver filed a "Motion to Exclude Plaintiffs' Witness Edward Brooks." Pursuant to this motion, the trial court conducted an in-chambers hearing out of the presence of the jury, which was transcribed by the court reporter.
 {¶ 14} At the hearing, the court ruled that Brooks would not be permitted to testify on the basis that his testimony was "materially different" from his prior sworn testimony.
 {¶ 15} At trial, several witnesses were called, including expert witnesses from each side, who testified as to the issues of whether Weaver's lights were on prior to the crash and whether Weaver's vehicle would be "reasonably discernible" from a distance. The jury returned a verdict, finding that Weaver was not negligent. On April 5, 2004, the trial court filed its judgment entry pursuant to Civ.R. 54(B), and granted judgment in favor of the defendants. Hores timely appealed, asserting one assignment of error:
 {¶ 16} "The trial court erred in excluding the testimony of Edward Brooks, the only non-party witness to the crash."
 {¶ 17} The decision to admit or exclude testimony is within the sound discretion of the trial court. Quinn v. Paras, 8th Dist. No. 82529, 2003-Ohio-4952, at ¶ 31, citing State v. Long (1978), 53 Ohio St.2d 91,98. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,169 (citation omitted). In applying the abuse of discretion standard, an appellate court is not free to merely substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138
(citation omitted).
 {¶ 18} Relying on this court's decision in Laubscher v. Branthoover
(1991), 68 Ohio App.3d 375, Hores argues that the trial court improperly granted a protective order excluding Brooks' testimony in the absence of any interrogatories on the record or a court order compelling disclosure of Brooks as a witness. Although Hores' reliance on Laubscher
is misplaced, we conclude that the trial court's exclusion of Brooks' testimony was an abuse of discretion.
 {¶ 19} Although a review of the record reveals some parallels betweenLaubscher and the case at bar, this case is readily distinguishable. As in Laubscher, discovery was not conducted by formal process. Likewise, the record here is silent regarding the filing of interrogatories until Weaver filed his second Motion for Protective Order, on August 4, 2003. Attached to that motion is an exhibit (Exhibit A) entitled "Defendant's Second Set of Interrogatories Propounded upon Plaintiff Thomas Vincent Hores, Jr." Item nine, entitled "Witnesses," requests Hores to "[s]tate the name, address and telephone numbers of every person know to you * * * whom you claim was * * * a witness to that incident, whether or not you intend to call such person(s) as a witness at trial." This request for interrogatories is undated, and there is no certificate of service, thus we have no means of determining from the record when, and if, these interrogatories were served on Hores. While "Civ.R. 5 does not mandate the filing of interrogatories, our determination of issues on appeal is constrained to those items which are part of the record before us." EarlEvans Chevrolet, Inc. v. General Motors Corp. 74 Ohio App.3d 266, 281
(emphasis added). Furthermore, since a trial court "speaks through its journal," State ex. rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117,118, Weaver's failure to formally submit the interrogatories as part of the record, coupled with the absence of any motion to compel, precludes the court from imposing a protective order on the basis of an alleged failure by Hores to answer a discovery request. Laubscher,68 Ohio App.3d at 382 (In the absence of any evidence in the record that the necessary interrogatories have been filed, or a court order compelling disclosure, a trial court may not grant a protective order.)
 {¶ 20} However, our analysis does not end here, since Civ.R. 26(C) "does not address the trial court's inherent power to exclude witnessesfrom testifying at trial as justice requires."[1] Id. at 381 (emphasis added). A review of the language of the court's March 26, 2004 judgment entry makes it clear that the court did not actually grant a motion for a protective order.
 {¶ 21} The judgment entry reads, "[i]f the court determines that his testimony is materially different then [sic] his prior statements and testimony at other proceedings, the Court will not allow him to testify at trial. If the testimony is consistent with previous statements[,] he will be permitted to testify."
 {¶ 22} It is well-settled that a motion for a protective order is a "permanent remedial sanction which does not involve evidentiary issues." Id. at 383 (second emphasis added); see also, Hardy v. Newbold, 4th Dist. No. 02CA12, 2003-Ohio-3995, at ¶ 11 (citations omitted). Thus, it is clear that the March 26, 2004 ruling is conditional and based upon anevidentiary issue, i.e., whether Brooks' anticipated trial testimony was "materially different" from his prior testimony. Thus, both motions for protective order and the "motion to exclude" were actually motions in limine, upon which the trial court did not make a ruling until the in-chambers hearing on the second day of trial. The trial court's ruling to exclude Brooks' testimony was made orally at this hearing.
 {¶ 23} As a result, the actual issue we must determine is whether the trial court properly granted Weaver's motion in limine. A motion in limine is considered a preliminary ruling. Pena v. Northeast OhioEmergency Affiliates (1995), 108 Ohio App.3d 96, 108. As such, it may only be preserved by an objection at trial. Collins v. StorerCommunications, Inc. (1989), 65 Ohio App.3d 443, 446. A party who has been restricted from introducing evidence by means of a motion in limine must seek to introduce the evidence by proffer or otherwise at trial to preserve the issue on appeal. Id.
 {¶ 24} At the hearing on Weaver's motions, Hores' counsel objected. At the end of the hearing, and subsequent to making his objections, Hores' attorney stated the following: "[w]e proffered Mr. Brooks' testimony, and, basically, his testimony would be that he didn't see any lights on that truck, okay?" Therefore, we may address the issue of whether the trial court abused its discretion by overruling Hores' objection.
 {¶ 25} Our review of the transcripts of the two criminal traffic proceedings indicates Brooks testified that he didn't see Weaver's truck prior to the moment of collision. We do not view this testimony as necessarily inconsistent with the proffered testimony that Brooks did not see any lights or flashers operating on Weaver's truck prior to the collision, since an absence of lights on the Weaver truck would undoubtedly impact the visibility of the vehicle from the front. Thus, the issue becomes whether Brooks' testimony is relevant and material.
 {¶ 26} Weaver argues that Brooks' testimony relating to whether he saw any lights on the front of Weaver's truck is irrelevant to the issue of the visibility or discernability from the rear of the truck. We find this argument unconvincing.
 {¶ 27} "The essential elements of a negligence claim are: (1) the defendant owed plaintiff a duty, (2) the defendant breached that duty, and (3) such breach was the proximate cause of plaintiff's injuries."Dawson v. McNeal, 10th Dist. No. 03AP-396, 2004-Ohio-107, ¶ 9 (citation omitted).
 {¶ 28} In the instant matter, Hores' theory of negligence is based upon a failure to maintain an assured clear distance. See Blair v.Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7 (holding that negligence based on assured clear distance is dependent on "whether there is evidence that the driver colliding with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.").
 {¶ 29} Both parties concede that the central issue in the case is whether the back of Weaver's truck was reasonably discernible. With respect to collisions occurring at night, determination of this issue generally includes evidence which would tend to show whether a vehicle's lights were operating at the time of the collision. See Junge v.Brothers (1985), 16 Ohio St.3d 1, 4 (jury question exists with respect to discernability where accident happens at night, the roadway was unlighted, unreflective side of overturned truck was facing traffic and lights were off); Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66, 67, 69
(jury issue as to discernability when it was 9:30 at night in June, vehicle did not have lights on, roadway was poorly lit, and truck was equipped with reflectors.) Phillips v. Bowdle (Mar. 22, 1989), 3rd Dist. No. 1-8-21, 1989 Ohio App. LEXIS 1042, at *7 (jury question exists where there was conflicting evidence on whether the truck's lights were "flickering off and on" at the time of the nighttime accident); Venegoniv. Johnson, 10th Dist. No. 01AP-1284, 2002-Ohio-1988 ¶ 23 (jury question existed as to whether appellee's vehicle was "reasonably discernible" where there was conflicting testimony whether appellee's lights were on).
 {¶ 30} "Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401 (emphasis added). Generally, "relevant evidence is admissible, unless some other provision of law makes it inadmissible."State v. DeRose, 11th Dist. No. 2000-L-076, 2002-Ohio-4357, at ¶ 15; Evid.R. 402.
 {¶ 31} Material evidence is defined as evidence that is "relevant and goes to substantial matters in the dispute, or has a legitimate and effective influence or bearing on the decision of the case." Blacks Law Dictionary (4th Ed. 1968), 1128.
 {¶ 32} Both parties offered testimony relating to the issue of whether or not Weaver's four-way flashers were operating at the time of the collision, which both parties agree is required by law when operating a truck at low speed on the Pennsylvania Turnpike. Thus, both parties agree this issue is relevant to determining whether Weaver was negligent per se. As such, Brooks' testimony that he did not observe Weaver's front flashers operating at the time of the accident creates a reasonable inference that Weaver was negligent, since common understanding of the term four-way flashers means that two of the lights can be seen from thefront, and two can be seen from the back of the vehicle if they were operating. Although the issue of whether Weaver was negligent per se is relevant, it is not necessarily dispositive of the case. See MerchantsMut. Ins. Co. v. Baker (1984), 15 Ohio St.3d 316, 318 ("Negligence perse does not equal liability per se. Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted.")
 {¶ 33} However, even in the absence of a finding of negligence per se, liability may nevertheless be determined "by the application of thetest of due care as exercised by a reasonably prudent person under thecircumstances of the case." Steele v. McNatt (1995), 102 Ohio App.3d 558,563, quoting Eisenhuth v. Moneyhon (1954), 161 Ohio St.3d 367, at paragraph three of the syllabus (emphasis sic). Evidence of whether Brooks saw lights on the front of Weaver's truck would also be relevant to the issue of whether Weaver exercised ordinary care. "What is ordinary care [and] what is reasonable safety, * * * are * * * questions for the determination of the jury." Gibbs v. Girard (1913), 88 Ohio St. 34, at paragraph four of the syllabus.
 {¶ 34} Brooks' testimony relating to the headlights and four-way blinkers would also be relevant to a determination of proximate cause. See Gallagher v. Cooper (1984), 14 Ohio St.3d 41, 43. ("Proximate cause and negligence are not complete and independent issues.") Weaver makes much of the fact that Brooks testified repeatedly that he did not see Weaver's truck until after the collision and subsequent fire, but this testimony is entirely consistent with Brooks' proffered testimony that he only saw one set of headlights, those belonging to Hores' truck, prior to the collision.
 {¶ 35} In terms of "material" inconsistencies, Weaver points to inconsistencies in Brooks' prior testimony related to whether Weaver was traveling in the right-hand lane at the time of the collision or if Weaver pulled out in front of front of Hores' truck. Our review of the record indicates that there are arguably significant discrepancies related to these issues. However, while this testimony is unquestionably relevant to the third element of Hores' negligence claim based on assured clear distance, Hores did not proffer this testimony at the time of objection. Accordingly, we need not review this issue. Collins,65 Ohio App.3d at 446. We note, however, that had Hores proffered this testimony, Weaver could have utilized Brooks' prior inconsistent statements made at the earlier trials to impeach Brooks' credibility, subject to the mandates of Evid.R. 613(B). State v. Slocum, 6th Dist. No. WD-04-054, 2005-Ohio-3869, at ¶ 19, citing Stern v. Stern, 7th Dist. No. 02-JE-17, 2003-Ohio-3293, at ¶ 53.
 {¶ 36} Based on the foregoing analysis, we conclude that the trial court abused its discretion by excluding Brooks' testimony. Hores' sole assignment of error has merit. Accordingly, we reverse the judgment of the Trumbull County Court of Common Pleas and remand this matter for proceedings consistent with this opinion.
O'Neill, J., O'Toole, J. concur.
[1] At oral argument, Weaver stressed that a court has an inherent power to exclude witnesses "as justice requires." While this is undoubtedly true as a general proposition, the court's inherent power to do so is not unlimited. Laubscher recognizes the power to exclude witnesses, solely as a "remedial sanction," pursuant to Civ.R. 26(C), "oran analogous Civ.R. 37(B) sanction." 68 Ohio App.3d at 381-382
(emphasis sic). However, Laubscher limits this remedy solely to "when there has been a violation of the discovery rules or a court order compelling discovery." Id. at 382 (emphasis omitted). Without a demonstration of facts justifying either of the remedies available inLaubscher, a court's discretion to exclude evidence "is limited by the general principles of relevancy, competency and the need to ascertain the truth." Oakbrook Realty Corp. v. Blout (1988), 48 Ohio App.3d 69, 71
n. 1; see also State v. Smith (1986), 34 Ohio App.3d 180, 185 ("the trial court's sole function is to determine the relevancy, competency and materiality of the * * * evidence, and to weigh its inflammatory and prejudicial effect against its probative value.").