GALLAGHER, APPELLANT, *v.* COOPER; LUNGOCIU, APPELLEE.

[Cite as Gallagher *v.* Cooper (1984), 14 Ohio St. 3d 41.]

(No. 83-1847—Decided December 5, 1984.)

*Messrs. Spangenberg, Shibley, Traci & Lancione, Mr. Donald P. Traci* and *Mr. Timothy A. Shimko,* for appellant.

*Messrs. Vogelgesang, Howes, Lindamood & Brunn, Mr. Philip E. Howes* and *Mr. Douglas N. Godshall,* for appellee.

*Per Curiam.* The questions presented in this appeal are whether the two-issue rule set forth in *Sites* v. *Haverstick, supra,* is applicable to the circumstances of this case, and if so, whether the rule has any continued validity in this state. Since we answer the first question in the negative, we need not address the second.

"The two-issue rule is, that error in the charge of the court dealing exclusively with one of two or more *complete* and *independent* issues required to be presented to a jury in a civil action will be disregarded, if the charge in respect to another independent issue which will support the verdict of the jury is free from prejudicial error, unless it is disclosed by interrogatories or otherwise that the verdict is in fact based upon the issue to which the erroneous instruction related." (Emphasis added.) *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St. 657 [33 O.O. 154], paragraph three of the syllabus.

The two-issue rule is a rule of policy created in the interest of judicial economy. The rule was originally announced in *Sites* v. *Haverstick, supra.* In *Sites,* the plaintiff claimed title by descent to certain property in the possession of the defendants. Defendants raised two complete and independent defenses to the action: (1) that the plaintiff had released title, and (2) that the plaintiff's marriage by which she claimed title was invalid. Although the trial judge's instruction to the jury on the latter defense was alleged to be improper, this court did not reverse the jury's general verdict in favor of defendants since such verdict could have been based on the first defense alone. In the absence of proof otherwise, a presumption was created in favor of the first defense.

For the rule to apply, the issues involved must be complete and independent. In *Taylor* v. *Cincinnati* (1944), 143 Ohio St. 426 [28 O.O. 369], this court held that the issues of negligence and proximate cause did not invoke the two-issue rule in the event of an incorrect charge as to one. *Taylor* is dispositive of the present appeal.

In this case, the court of appeals acknowledges the confusion that may have resulted from the trial court's answer to the jury questions. Nevertheless, the court applied the two-issue rule in affirming the verdict since it felt that proximate cause was a separate issue upon which the jury could have based its verdict. *Taylor* precludes such an application of the rule, and with good reason — proximate cause is an *element* of negligence. Proximate cause and negligence are *not* complete and independent issues. This case presented one major issue to the jury, that being appellee's alleged negligence.

The question that arises next is whether the trial court's answer to the jury questions was sufficiently prejudicial to appellant's case to warrant a new trial. This court is of the opinion that it was, and we are further of the opinion that appellant preserved the error for appeal.

Appellant's suggested answer to the jury questions was as follows:

"* * * [T]he contents of the statement are in evidence[.] Bonnie Swartz's testimony concerning the contents of that statement is in evidence[;] however the physical statement is not in evidence."

This answer clearly distinguished the three items involved: the statement's contents, Swartz's trial testimony to the effect that she remembered nothing, and the actual document itself. However, the trial court chose to ignore appellant's suggestion in favor of its own answer. A close examination of the court's answer reveals that it is subject to more than one interpretation, namely, the jury could have interpreted the answer to mean that *only Swartz's testimony* was in evidence, while both the previous statement and its language were not.

The contents of the statement were in evidence, and were sufficiently important to appellant's case to warrant a new trial to insure the jury's consideration of the statement. A trial court's instructions and responses to the jury should be so explicit as to not be misconstrued or

misunderstood. *Little Miami RR. Co.* v. *Wetmore* (1869), 19 Ohio St. 110, paragraph three of the syllabus; *Aetna Ins. Co.* v. *Reed* (1877), 33 Ohio St. 283, paragraph four of the syllabus. Further, it is apparent from the record that counsel for appellant immediately objected to the court's answer when it was first proposed.

Finally, this court makes no statement as to the applicability to this case of *Mason* v. *Roberts* (1973), 33 Ohio St. 2d 29 [62 O.O. 346], and subsequent case law dealing with alcohol providers' liability to third parties. This issue is not properly before us at present.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for a new trial.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN and HOLMES, JJ., concur in part and dissent in part.

HOLMES, J., concurring in part and dissenting in part. I concur in that part of the majority opinion which concludes that the two-issue rule is not applicable to the facts of this case. However, I dissent from that portion of the opinion which finds that the trial court's answer was confusing to the point of constituting prejudicial error. The trial judge in essence stated the answer accurately. His response to the jury's queries contained the facts that the contents of Swartz's statement were in evidence, her testimony concerning such statement was in evidence, but the written statement or the typed copy thereof was not in evidence.

The answer of the trial judge here contained all that was sought by appellant's counsel in his proposed answer to the jury's queries. Where, then, is the prejudice to this appellant necessitating a new trial? A remand for new trial of this matter only further burdens our judicial system unnecessarily.

Accordingly, I would affirm the judgment of the court of appeals, but for the above-stated reasons.

W. BROWN, J., concurs in the foregoing opinion.