MERCHANTS MUTUAL INSURANCE COMPANY, APPELLANT, *v.*
BAKER, APPELLEE.

[Cite as Merchants Mut. Ins. Co. *v.* Baker (1984), 15 Ohio St. 3d 316.]

(No. 84-648—Decided December 31, 1984.)

*Messrs. Brown, Bemiller, Murray & McIntyre* and *Mr. William T. McIntyre,* for appellant.

*Mr. William C. Ailes,* for appellee.

*Per Curiam.* Appellant contends that the trial court properly adjudicated the issue of proximate causation, even though such an issue is usually a question of fact for the jury, because the appellee school bus driver violated the specific requirements of Ohio Adm. Code 3301-83-06, which resulted in the type of accident that the provisions are designed to avoid.

Appellee argues that there are material issues of fact upon which reasonable minds could differ, and that, therefore, the issues of proximate causation should have been left to the jury to determine.

In affirming the court of appeal's reversal of the case *sub judice,* we find that this action is controlled by our prior pronouncement in the second paragraph of the syllabus in *Cascone* v. *Herb Kay Co.* (1983), 6 Ohio St. 3d 155:

"Where the facts are such that reasonable minds could differ as to whether the intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, whether the intervening act or cause constituted a concurrent or superseding cause, and whether the intervening cause was reasonably foreseeable by the original party guilty of negligence, present questions for submission to a jury which generally may not be resolved by summary judgment. (*Mudrich* v. *Standard Oil Co.,* 153 Ohio St. 31 [41 O.O. 117], approved and followed.)"

The trial court apparently placed undue weight on the fact that appellee was negligent *per se* in violating the relevant Ohio Administrative Code provisions. Negligence *per se* does not equal liability *per se.* Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted. See 39 Ohio Jurisprudence 2d (1959) 525-528, Negligence, Section 26. Moreover, the trial court's determination seems to ignore the fact that appellant's insured could also be viewed as negligent *per se* in violating R.C. 4511.75(A).

In a case such as this, where reasonable minds could differ as to whose acts or omissions constitute the proximate cause of the accident, such determination is better left for the jury.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.