HITCHENS ET AL., APPELLANTS, *v.* HAHN, APPELLEE.

[Cite as Hitchens *v.* Hahn (1985), 17 Ohio St. 3d 212.]

(No. 84-976—Decided June 5, 1985.)

*Price & Berry, Charles L. Price* and *John F. Berry,* for appellants.
*Tribbie, Scott & Moorehead* and *Thomas L. Tribbie,* for appellee.

*Per Curiam.* In their propositions of law before this court, appellants contend that appellee was negligent *per se* as he failed to give a passing signal as required by R.C. 4511.27(A). Appellants argue that the ensuing collision was proximately caused, as a matter of law,. by appellee's negligence. Accordingly, appellants assert that the trial court committed reversible error by failing to sustain appellants' motion for a directed verdict.

Both parties cite our decision in *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, as controlling. Paragraph one of the syllabus in *Wilfong* holds:

"The mere failure of the driver of an overtaking vehicle to give a signal before passing a vehicle to be overtaken is not sufficient to render the driver guilty of contributory negligence as a matter of law."

Litigants must guard against a mere color-matching of cases. The determination of liability requires a careful evaluation of all the cir-

cumstances and, in most cases, the assistance of a trier of facts. As we recently observed in *Junge* v. *Brothers* (1985), 16 Ohio St. 3d 1, at 3:

" '[W]here conflicting evidence is introduced as to any one of the elements * * * a jury question is created.'

"* * *

"Bearing in mind our expressed preference for jury determinations of disputed factual questions, we conclude that a jury question was raised * * *, thus making a directed verdict on that question improper."

It is also well-settled that "[n]egligence *per se* does not equal liability *per se*. Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted." *Merchants Mut. Ins. Co.* v. *Baker* (1984), 15 Ohio St. 3d 316, 318. Proximate cause is an element of negligence. "Proximate cause and negligence are *not* complete and independent issues." *Gallagher* v. *Cooper* (1984), 14 Ohio St. 3d 41, 43.

In this case, there were threshold jury questions including whether appellant was within the class of persons to be protected by the statute and whether the type of harm which occurred was a result of a violation of the statute. The causal connection, appellant's own negligence, and other disputed issues of fact were all proper jury issues. *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, 70-71, fn. 5. Additionally, *Wilfong* observes at 103 that the issue of whether a signal, not given, would have been effective in a situation is a question of fact.

Consistent with our decision in *Junge, supra,* we cannot agree with appellants that reasonable minds could only conclude that appellee was negligent *per se* in that his negligence was the sole proximate cause of the collision.

Lastly, the granting of a directed verdict in this case would have ignored the fact that appellant Thomas Hitchens could also have been viewed as negligent *per se* in violating R.C. 4511.39 (turning without due care) or in causing the collision by swerving into appellee's truck. See *Baker, supra,* at 318. The *Baker* court observed that: "[i]n a case such as this, where reasonable minds could differ as to whose acts or omissions constitute the proximate cause of the accident, such determination is better left for the jury."

Inasmuch as the jury verdict was favorable to appellants concerning appellee's negligence and proximate causation, and was then properly reduced by thirty percent consistent with the jury's finding concerning appellant Thomas Hitchens' comparative negligence, we hold that the trial court correctly overruled appellants' motion for a directed verdict. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.