{¶ 31} I recognize the conundrum in which the appellants find themselves. Nevertheless, after my review of the evidentiary materials submitted both in favor and against the respective summary judgment motions, I believe that the principal opinion has reached the correct result.
 {¶ 32} Additionally, I do not believe that the appellants' failure to raise the applicability of the open and obvious danger doctrine in cases that do not involve landowner liability has any bearing whatsoever on the outcome of this case. In other words, had appellants previously raised this issue the result would have been the same. If a non-landowner defendant is involved, an open and obvious danger remains a primary issue but under a different analytical framework (i.e. under a comparative negligence standard). In Tecco v. Columbiana Cty. Jail (Dec. 29, 2000), Columbiana App. No. 00CO29, the court analyzed this issue as follows: "The foregoing passage demonstrates that CSX, as a landowner, could defeat a claim of liability if the alleged negligence resulted from an open and obvious hazard. However, the court went on to note that the open and obvious doctrine had a different application to a non-landowner: Bentley was an independent contractor performing services for the owner of the bridge. While Bentley may have had the right to be on, or in the vicinity of, the bridge, it had no property interest in the premises. * * * We are not persuaded to extend the `open and obvious' doctrine to persons who conduct activity with the consent of the landowner but who themselves have no property interest in the premises. Accordingly, we hold that an independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from a duty to warn those entering the property concerning open and obvious dangers on the property." (Emphasis added.) Id. at 645. The court then noted that since Bentley had no property interest in the premises, the proper test to apply was a negligence test. Id. As such, the court stated that the question of whether the hazard was an open and obvious danger would become relevant in a comparative negligence analysis: "In the law of negligence, an `open and obvious' danger can also place affirmative defenses at issue. These would be (1) contributory negligence, and (2) assumption of risk." * * * In essence, Bently argues that Stephen was negligent in failing to protect himself from an open and obvious danger and that his negligence proximately caused his own injuries. A plaintiff's contributory negligence, however, does not automatically bar recovery for damages directly and proximately caused by defendant's negligence. R.C. 2315.19(A)(2). Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. * * * Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. * * * (Emphasis added and citations omitted.) Id. at 646. Applying Simmers and the summary judgment standard set forth in Dresher, the trial court properly granted summary judgment in favor of the County against appellants. However, the trial court erred in granting summary judgment in favor of Civigenics against appellants."
 {¶ 33} Thus, the open and obvious danger analysis still enters the picture for a non-landowner, but under a comparative negligence analysis. Furthermore, although issues regarding comparative negligence are generally matters that a trier of fact must resolve, certain cases may consist of evidence so compelling that reasonable minds could reach but one conclusion (i.e. that one party's negligence far outweighed the other party's negligence.) In the instant case, once the open and obvious nature of the danger is factored in the analysis, reasonable minds can reach but one conclusion and that conclusion is adverse to the appellants' interest. See Simmers, citing Hitchens v.Hahn (1985), 17 Ohio St.3d 212, 478 N.E.2d 797; Shinaver v.Szymanski (1984), 14 Ohio St.3d 51, 471 N.E.2d 477.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs with Attached Concurring Opinion.