DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on an appeal and a cross-appeal from two judgments entered by the Lucas County Court of Common Pleas. The following facts are relevant to a disposition of this case.
 {¶ 2} As of February 2001, appellee/cross-appellant, Bruce Bales, was the cofounder and head of technical development at Friendly Software/Condas Corporation. On Thursday, February 8, 2001, Bruce called his wife, appellee/cross-appellant, Lizeeth Bales, and asked her to accompany him to a dinner being given at a restaurant for one of his employees who was leaving the company.
 {¶ 3} The couples' usual babysitter was unavailable. However, because appellant/cross-appellee, Anneke Kurt, was the regular babysitter for friends of appellees, Lizeeth had met her on three other occasions. Lizeeth called appellant, who was then 16 years old, and asked her whether she could baby sit. Due to the fact that it was a school night, Lizeeth assured appellant that she and Bruce would return home at 9:00 p.m. or 9:30 p.m. It was agreed that appellant's mother would transport appellant to appellees' residence and that either Bruce or Lizeeth would take her home. Appellees reside in Ottawa Hills, Ohio and, when she was 16, appellant lived with her parents north of Ottawa Hills in Lambertville, Michigan. In order to reach her destination, appellant was required to pass through Toledo, Lucas County, Ohio.
 {¶ 4} According to Lizeeth, Bruce did not want to leave the party at the stated time because all of his employees were there, and he wanted to pay the bill. Therefore, Bruce called appellant and told her that the couple would be home about "10:30 or 11:00." Appellees did not arrive home until sometime between "11:30 or quarter to 12."
 {¶ 5} Appellant testified that, despite her arguments to the contrary, Bruce insisted that she drive his BMW, a motor vehicle with a manual transmission. Appellant had only driven a car with a manual transmission on one other occasion. According to the teenager, Bruce told her that she would only have to drive part of the way. Appellant claimed that only reason that she finally consented to drive the BMW was Bruce's "state of mind." That is, in her deposition testimony, appellant asserted that Bruce was intoxicated and she had no choice but to drive the BMW. On the other hand, Lizeeth asserted that even though appellant initially said that she did not want to drive the BMW, she looked at Lizeeth, who said it was "Okay," and immediately agreed to drive.
 {¶ 6} Bruce helped appellant start the car by manipulating the clutch handle. He fumbled around and reached across her to turn on the headlights and then helped her back the car out of the driveway onto a residential street. Before she came to a main thoroughfare, Central Avenue, appellant had to cross three or four intersections. Despite the fact that there were stop signs at these intersections, Bruce urged appellant to "roll right through them." Appellant, nonetheless, stopped at each stop sign. Appellant testified that throughout the drive she told Bruce that she should not be driving. He would reply: "[Y]ou're doing fine. * * * I should not be driving." According to appellant, Bruce also told her to "speed up and feel the power of the car."
 {¶ 7} After turning onto Central Avenue, appellant made another turn onto Executive Parkway, which was referred to by Bruce as "Executive Speedway." It had rained earlier in the evening and the streets were wet. At this point, it began to rain heavily. Staying below the speed limit, appellant then turned north on Secor Road. Near the I-475 overpass (located in Toledo, Lucas County, Ohio) the car "fishtailed," that is, it swerved, but appellant managed to keep the car under control. Bruce said, "Good job." and patted appellant on her lower thigh. Appellant testified that this action caused her to "tense up."
 {¶ 8} Bruce then told appellant to give him a "high five." She declined, but Bruce kept his hand up in the air and said, "[N]o, c'mon, c'mon give me a high five." He continued repeating "c'mon, c'mon" until appellant reached up and tapped his hand.
 {¶ 9} Notwithstanding the fact that appellant told Bruce that she did not want the radio on, he reached over and turned it on "very loud." Appellant lowered the volume. Because it began to rain even harder, Bruce reached across appellant and increased the speed of the windshield wipers. Although, at this time, appellant believed that her only recourse was to keep on driving, she still kept telling Bruce that she should not be operating the BMW.
 {¶ 10} As she continued heading north on Secor Road at a speed below the posted limit, appellant kept the car in the center lane. When asked why she did not drive in the curb lane, she replied that with all the distractions occurring inside the automobile, she did not want to travel in the curb lane and chance hitting the curb if the car fishtailed again.
 {¶ 11} Appellant testified that the BMW went through a large puddle and, suddenly, water splashed up on the windshield and the side windows of the car. She lost control of the vehicle and it spun and then jumped the curb. The rear passenger side of the BMW struck a utility pole. The car made another complete spin and the front passenger side struck the utility pole and stopped. At that point, appellant, who admitted that she closed her eyes after she lost control of the vehicle, opened her eyes and realized that Bruce was leaning on her with his head in her lap. The accident occurred at approximately 12:15 a.m. on the morning of February 9, 2001.
 {¶ 12} As a result of the accident, Bruce sustained severe injuries, including a fractured pelvis, impaired vision, and a head injury that precluded him from participating in the operation of Friendly Software. Bruce is also unable to remember the accident or the events leading up to the accident.
 {¶ 13} On April 29, 2002, appellees filed a complaint, asserting in their first claim that appellant's negligence/negligence per se in the operation of the BMW caused Bruce to suffer past, present, and future medical expenses, economic loss, and pyschological injury. In their second claim, appellees alleged that appellant's negligence proximately caused Lizeeth the loss of her husband's consortium. In her answer, appellant raised, among other things, the defense of contributory negligence.
 {¶ 14} Appellees filed a motion for summary judgment on the question of liability in which they asserted that appellant was, pursuant to R.C. 4511.202 and Toledo Municipal Code Section 331.32, required to maintain reasonable control of any motor vehicle that she is operating. Because appellant admitted that she lost control of the BMW and closed her eyes, appellees argued that no genuine issue of material fact existed on the question of whether she was negligent/negligent per se. In her memorandum in opposition, appellant contended, inter alia, that Bruce's behavior, i.e., the distractions he created while she was driving the BMW, contributed to the cause of the accident.
 {¶ 15} In reply, appellees urged that the doctrines of "contributory negligence" and "assumption of the risk" can be used as a defense only if the injured party is confronted with an open and obvious risk, for example, riding as a passenger in a motor vehicle when one knows that the driver is intoxicated. In its decision denying appellees' motion for summary judgment, the trial court found that a genuine issue of material fact existed on the question of whether Bruce was negligent.
 {¶ 16} On October 9, 2003, appellees filed a motion in limine asking the court below to preclude any evidence of alcohol and/or drug use by Bruce or Lizeeth on the evening of the accident. The trial court granted this motion. During the trial of this case on the merits, appellant failed to raise this evidentiary matter or to make a proffer of this evidence at the appropriate time.
 {¶ 17} In her October 20, 2003 written request for jury instructions, appellant asked the court to give, inter alia, a jury instruction on comparative negligence and negligent entrustment. At the close of the trial of this case, the judge denied both of these requests. Appellant's trial counsel objected and recited all of the facts that might indicate that Bruce was negligent with regard to both negligent entrustment and contributory negligence. At the end of his proffer, however, he mentioned only the "entrustment instruction."
 {¶ 18} The jury returned a verdict in favor of Bruce and Lizeeth. They awarded Bruce $200,000 and awarded zero damages to Lizeeth. On November 3, 2003, appellees filed a motion for prejudgment interest. On November 5, 2003, the trial court entered its judgment on the jury verdict. This judgment was journalized on November 6, 2003. On December 2, 2003, appellant filed a timely notice of appeal of this judgment. After a hearing, the trial court, in a judgment journalized on December 3, 2001, granted the motion for prejudgment interest and awarded appellees an additional $46,657.48, plus expert fees and costs. Appellees then filed a timely notice of cross-appeal from the December 3, 2003 judgment only. This court consolidated the two appeals.
 {¶ 19} Appellant's original assignments of error are as follows:
 {¶ 20} "I. The trial court abused its discretion in precluding evidence of appellees' intoxication as it was relevant to whether appellant was negligent."
 {¶ 21} "II. Alternatively, the trial court abused its discretion in precluding evidence of appellees' intoxication as it was relevant to appellees' comparative negligence and credibility."
 {¶ 22} "III. The trial court abused its discretion in awarding prejudgment interest."
 {¶ 23} "IV. The trial court abused its discretion in taxing expert fees and costs."
 {¶ 24} Appellees' cross-assignments of error are:
 {¶ 25} "1. The trial court erred in denying plaintiffs'/cross-appellants' motion for summary judgment and directed verdict."
 {¶ 26} "2. The trial court erred in fixing the commencement of prejudgment interest as of August 9, 2001; a date six months after the cause of action accrued.
 {¶ 27} After oral argument, we allowed appellant to file a supplemental assignment of error and brief in support of that assignment. The supplemental assignment of error reads:
 {¶ 28} "The trial court abused its discretion in failing to instruct the jury on the issue of comparative negligence."
 {¶ 29} Because it is dispositive of most of the issues in this cause, we shall first consider appellant's supplemental assignment of error.[1] In this assignment, appellant contends that Bruce, as a passenger, had a duty not to distract the driver of his motor vehicle. Appellant then cites several facts to establish that Bruce "contributed" to his own injuries and, therefore, concludes that the trial court erred in denying her written request for a jury instruction on comparative negligence.
 {¶ 30} In opposition, appellees assert that appellant waived her right to raise the trial court's failure to provide a general instruction on comparative negligence because she failed to object to the trial court's decision not to give such an instruction before the jury retired to deliberate. Specifically, appellees claim that appellant objected only to the trial court's failure to present a negligent entrustment instruction to the jury.
 {¶ 31} Appellees also argue that even if appellant made a proper objection, the trial court did not abuse its discretion in declining to give a jury instruction on comparative negligence. In particular, appellees maintain that the facts of this case (1) demonstrate that appellant was negligent per se; and (2) that the facts of this case do not demonstrate that Bruce's conduct was a proximate cause of his injury. Appellant further insists that, because the jury award of $200,000, did not fully compensate appellees for their injuries, any error on the part of the trial court in failing to include a jury instruction on comparative negligence was, in essence, harmless error.
 {¶ 32} Generally, the failure to object to the giving or failure to give a jury instruction prior to the time that the jury retires to deliberate waives a party's right to raise this issue on appeal. Civ.R. 51(A). Such an objection is not, however, required under the rule when the court is "fully apprised of the correct law governing a material issue in dispute and has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury." Presley v. Norwood (1973),36 Ohio St.2d 29, paragraph one of the syllabus. Thus, if this standard was satisfied, appellant did not waive the right to assert the court's refusal to provide a jury instruction on comparative negligence as an assignment of error on appeal.
 {¶ 33} The elements of negligence are duty, breach of duty, proximate cause and damages. Karafa v. Toni, 8th Dist. No. 80664, 2003-Ohio-155, at ¶ 19. Contributory negligence, the material issue in dispute in this case, is defined as "any want of ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred."Brinkmoeller v. Wilson (1975), 41 Ohio St.2d 223, 226.
 {¶ 34} The affirmative defense of contributory negligence is governed by the comparative negligence statute, R.C.2315.19(A)(2), as effective at the time of the accident.[2]
Contributory negligence does not bar recovery if the injured party's negligence is no greater than the combined negligence of all other parties from whom the plaintiff seeks recovery. R.C.2315.19(A)(2). Nonetheless, any compensatory damages must be diminished by the percentage of negligence attributed to the injured party. Id.
 {¶ 35} As applied to the present case, appellant listed "contributory negligence" as an affirmative defense, see Civ.R. 8(C), in her answer. Included in her written proposed jury instructions is a request for an instruction on the law of comparative negligence and, specifically, on contributory negligence. The thrust of this request rests on (1) Bruce's alleged failure to act as a reasonably prudent person by insisting that a young, inexperienced driver operate his motor vehicle on a dark and rainy night; and (2) Bruce's actions and speech in causing numerous distractions that proximately caused or contributed to the proximate cause of the accident.
 {¶ 36} Based on the foregoing, appellant requested a jury instruction pursuant to 1 Ohio Jury Instructions 17.05(4), which reads: "CONTRIBUTORY NEGLIGENCE. Was the plaintiff negligent in any respect? If so, did plaintiff's negligence contribute to proximately cause his own (injury) (damage), if any?" Thus, appellant apprised the court below of the correct law on contributory negligence and unsuccessfully requested its inclusion in the charge to the jury. Accordingly, even if appellant failed to object to the court's decision on the requested instruction prior to the time that the jury retired to deliberate, she did not waive her right to question that decision on appeal.
 {¶ 37} We must now determine whether the trial judge erred in failing to include the requested instruction in his charge to the jury.
 {¶ 38} Generally, a party is entitled to the inclusion of requested instructions in the court's charge to the jury "`if they are a correct statement of the law applicable to the facts in the case * * *.'" Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36.2. See, also, State v.Theuring (1988), 46 Ohio App.3d 152, 154. In reviewing a record to decide the presence of sufficient evidence to warrant the giving of a requested instruction, an appellate court should determine whether there is evidence from which reasonable minds might reach the conclusion sought by the instruction. Id.
 {¶ 39} The decision to include a particular jury instruction is a matter within the sound discretion of the trial court. Thus, in this cause, we cannot reverse the common pleas court's judgment on this issue absent an abuse of that discretion.Bostic v. Connor (1988), 37 Ohio St.3d 144, paragraph two of the syllabus. An abuse of discretion connotes more than an error of law; it implies that the court's attitude in reaching its decision is unreasonable, arbitrary or unconscionable.Wilmington Steel Products, Inc. v. Cleve. Elec. Ilium. Co.
(1991), 60 Ohio St.3d 120, 121.
 {¶ 40} Initially we note that negligence per se is not the equivalent of liability per se. Abraham v. Werner Enterprises,
6th Dist. No. E-02-013, 2003-Ohio-3091, at ¶ 19, quotingMerchants Mut. Ins. Co. (1984), 15 Ohio St.3d 316, 318. The law does not presume that negligence per se was the cause of the injury. Id. Rather, under the principles of comparative negligence, "the totality of causal negligence is to be examined, and is a question to be submitted to the jury whose duty it is to apportion that negligence." Id., citing Anderson v. Ceccardi
(1983), 6 Ohio St.3d 110, 115. Accordingly, even a defendant who is found negligent per se can raise the defense of contributory negligence. Id.
 {¶ 41} In reviewing the record of the case under consideration, we are of the opinion that there is some evidence upon which a reasonable jury could conclude that Bruce's distracting behavior contributed to the proximate cause of his injury. His words and actions from the inception of the drive until the time of the accident caused appellant to be tense and nervous and distracted her from concentrating on her operation of the motor vehicle under undisputed inclement weather conditions. From this the jurors could have found that Bruce was not exercising ordinary care and that this lack of care combined with appellant's negligence contributed to his injury as a proximate cause thereof and was an element without which the injury would not have occurred. We therefore find that the trial court abused its discretion in failing to give the requested instruction.
 {¶ 42} We further hold that this failure was not "harmless error." First, we have no idea as to why the jury awarded damages in the amount of $200,000 to Bruce and zero damages to Lizeeth. Second, it is the factfinder's duty and right to resolve, pursuant to R.C. 2315.19(A)(1) and (A)(2), the issue of whether the contributory negligence of a plaintiff is wholly, or in part, the proximate cause of his or her injury. Junge v. Brothers
(1985), 16 Ohio St. 3d 1, 4. A specific procedure must be followed if the factfinder does determine that that the affirmative defense of contributory negligence does exist. See R.C. 2315.19(A)(2). This procedure requires that, in a jury trial, interrogatories must be answered that show, among other things, the percentage of negligence attributable to the injured party that directly and proximately caused his or her injury. R.C. 2315.19(B)(4). The court's ruling in this case deprived the parties of their right to have the jury perform its statutory duty and deprived both appellant and appellees of the right to know the answers to the required interrogatories and to, if desired, challenge those interrogatories. Consequently, the error or defect in the proceedings below cannot be deemed harmless error because it affected the substantial rights of the parties. See Civ.R. 61.
 {¶ 43} Based on the foregoing, appellant's supplemental assignment of error is found well-taken. Because our disposition of the supplemental assignment of error requires us to remand this cause to the trial court for a new trial, appellant's Assignments of Error Nos. I, II, and III are moot. Additionally, appellees' second cross-assignment of error is moot.
 {¶ 44} In their first cross-assignment of error appellant argues that the trial court erred in denying their motion for summary judgment and/or for a directed verdict.
 {¶ 45} Appellees never filed a notice of cross-appeal from the trial court's November 6, 2003 journal entry. Thus, the only cross-assignment of error properly before this court on cross-appeal is the assignment challenging the trial court's award of prejudgment interest, which we have determined is moot. Nevertheless, in a civil suit, a party may advance an assignment of error as an appellee to prevent reversal of the final judgment that was in its favor. See App.R. 3(C)(2); R.C. 2505.22. In the interest of justice, we shall therefore consider appellees' first cross-assignment of error, but only as to the trial court's denial of the motion for summary judgment. We will not consider any alleged error with regard to appellees' motion for a directed verdict because the issue is rendered moot by our disposition of appellant's supplemental assignment of error.
 {¶ 46} Our review of the trial court's denial of appellees' motion for summary judgment is de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Appellees could prevail on their motion for summary judgment only if: (1) no genuine issue of material fact remained to be litigated; (2) it appeared from the evidence that reasonable minds could reach but one conclusion and that conclusion was adverse to appellant; and (3) Appellees were entitled to summary judgment as a matter of law. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 47} As noted infra, appellees' motion for summary judgment asserted that appellant was a licensed driver on February 8 and February 9, 2001; that it was undisputed that she lost control of the motor vehicle in violation of R.C. 4511.202 and Toledo Municipal Code Section 331.32, and that no facts existed to create a genuine issue of material fact as to her negligence/negligence per se.
 {¶ 48} Appellant replied that a question of fact existed on, inter alia, the question of whether Bruce was "contributorily negligent" in forcing her to drive the BMW, in behaving in a manner that distracted her and made her uncomfortable during the drive. This allegation was supported by appellant's deposition testimony, which conforms with her trial testimony. Additionally, appellant offered an affidavit in which she averred that she believed that Bruce was intoxicated when he arrived home and insisted that she drive the BMW. In the affidavit, appellant also stated that, even though she did not have her driver's license with her, she agreed to drive the vehicle because she felt that was a better option than allowing a "visibly intoxicated" person to drive her home.
 {¶ 49} Based upon the evidence offered in favor of and contrary to the motion for summary judgment, we conclude that the trial court did not err in finding that a genuine issue of material fact existed on the question of whether Bruce's actions constituted contributory negligence. Therefore, the trial court did not err in denying appellees' motion for summary judgment. Accordingly, appellees' first cross-assignment of error is found not well-taken.
 {¶ 50} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Appellees are ordered to pay the costs of this appeal. See App.R. 24.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.
[1]In their supplemental brief, appellees ask this court to reconsider our decision to allow appellant to file an additional assignment of error. Because this request is untimely, see App.R. 26, we cannot even address appellees' arguments. See Berdyck v.Shinde (1998), 128 Ohio App.3d 68, 79.
[2] This statutory section was repealed on April 9, 2003. See note to former R.C. 2915.19, Page's Ohio Revised Code Annotated (2003 Supp.) 53.