OPINION
{¶ 1} Appellants Lakeside Title Escrow Company ("Lakeside"), McDonald National Mortgage Company ("McDonald"), and Sergei Gaponenko ("Gaponenko"), hereinafter referred to as "appellants," appeal the decision of the Massillon Municipal Court that awarded damages to Appellees Edward and Sharon Lashua. The following facts give rise to this appeal.
 {¶ 2} On February 19, 2003, appellees filed their complaint setting forth the following four causes of action: Count One, negligence claim against Lakeside; Count Two, realleges the allegations of Count One and further alleges the acts described in Count One constituted conversion and were done intentionally and with malice; Count Three, alleges fiduciary duties imposed upon Appellants McDonald and Gaponenko as mortgage broker and agent, respectively, which fiduciary duties were breached; and Count Four, contains claims pursuant to the Ohio Consumer Sales Practices Act.
 {¶ 3} In their prayer for relief, appellees sought specific compensatory damages against each appellant as well as punitive damages. Appellants filed joint answers and affirmative defenses on March 20, 2003. Appellants failed to appear at a scheduled mediation and final pretrial. Thereafter, this matter proceeded to a bench trial on March 26, 2004. At the close of appellees' case, appellees made a Civ.R. 15(B) motion to amend their pleadings to conform to the evidence by including a claim for violation of the Ohio Mortgage Brokers Act ("OMBA"). The trial court granted appellees' motion. Thereafter, appellants proceeded to present their case.
 {¶ 4} On June 25, 2004, the trial court filed its judgment entry granting judgment on behalf of appellees, on Counts One and Two, for compensatory damages in the amount of $4,290.61. The trial court also awarded punitive damages, on counts One and Two, in the amount of $2,000 and awarded attorney's fees in the amount of $1,650. The trial court dismissed Count Three of appellees' complaint. The trial court granted judgment, against Appellants McDonald and Gaponenko, in the amount of $3,242. The trial court also granted punitive damages, on Count Four, in the amount of $1,000 as well as attorney's fees in the amount of $1,650.
 {¶ 5} Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court erred, against the manifest weight of the evidence, in finding that lakeside title acted negligently and by failing to find that plaintiffs' contributory negligence barred or reduced plaintiffs' recovery.
 {¶ 7} "II. The trial court erred in finding lakeside title exercised `wrongful dominion' over or converted any funds of the lashua's (sic) because the subject funds were not the lashua's property.
 {¶ 8} "III. The trial court erred in allowing plaintiffs to amend their complaint to include count four, violation of the Ohio mortgage broker's act ("OMBA") and in finding a violation of the Ohio mortgage broker's act, R.C. §§ 1322.062(A)(1)(f) and (g) and 1322.07(b), which is not supported by the record.
 {¶ 9} "IV. The trial court erred in awarding punitive damages to plaintiffs on counts one, two and four as the evidence produced at trial was insufficient to support a finding of actual malice or conscious disregard which is a prerequisite to punitive damages recovery and counts one and four contained no allegations of malice or conscious disregard whatsoever.
 {¶ 10} "V. The trial court erred in awarding damages exceeding plaintiffs' prayer on counts one and four in violation of Ohio Civ. R. 54(c) (sic)."
 I {¶ 11} In their First Assignment of Error, appellants maintain the trial court erred, and its decision is against the manifest weight of the evidence, when it concluded that appellants acted negligently and failed to find that appellees' contributory negligence barred or reduced recovery. We disagree.
 {¶ 12} In support of this assignment of error, appellants contend appellees committed extreme contributory negligence and that any damages appellees sustained were not proximately caused by appellants but instead the result of appellees' actions and inaction. In support of this argument, Appellant Lakeside points to the fact that it mailed Appellee Edward Lashua four checks, which Mr. Lashua allegedly returned to Appellant Lakeside. Appellants further contend appellees are contributorily negligent for not determining whether their property taxes had been paid from the proceeds of the refinanced loan.
 {¶ 13} "The elements of negligence are duty, breach of duty, proximate cause and damages. [Citation omitted.] Contributory negligence, * * *, is defined as `any want of ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred.'" [Citation omitted.]Bales v. Kurt, Lucas App. No. L-03-1335, L-04-1005, 2004-Ohio-7073, at ¶ 33.
 {¶ 14} At the time appellees filed their complaint, R.C. 2315.19(A)(2), the comparative negligence statute, governed the affirmative defense of contributory negligence.[1] "Contributory negligence does not bar recovery if the injured party's negligence is no greater than the combined negligence of all other parties from whom the plaintiff seeks recovery. * * * Nonetheless, any compensatory damages must be diminished by the percentage of negligence attributed to the injured party. [Citation omitted.] Bales at ¶ 34.
 {¶ 15} In its judgment entry, the trial court specifically found that Appellant Lakeside did not effectively contest that the four checks, mistakenly mailed to appellees, were made payable in incorrect amounts and/or to incorrect payees. Judgment Entry, June 28, 2004, at 2. The trial court further found that Appellant Lakeside had not, as of the date of trial, disbursed funds in the amount of $4,290.61. Id. Further, the officer from Lakeside conceded that the disbursement at issue may not have been done in accordance with applicable HUD regulations. Tr. Mar. 26, 2004, at 50-51.
 {¶ 16} Clearly, Appellee Edward Lashua's conduct in failing to inquire about payment of his delinquent taxes is not more negligent than Appellant Lakeside's failure to disburse funds according to statutory and contract law. Accordingly, we conclude there is relevant, competent and credible evidence upon which the trial court could base its judgment, and, as such, the trial court's judgment is not against the manifest weight of the evidence. See C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 17} Appellants' First Assignment of Error is overruled.
 II {¶ 18} Appellants contend, in their Second Assignment of Error, the trial court erred when it determined appellants exercised wrongful dominion over or converted appellees' funds because the funds were not appellees' property. We disagree.
 {¶ 19} Conversion is defined as "* * * a wrongful exercise of dominion or control over property belonging to another, in denial of or under a claim inconsistent with his rights." Bench Billboard Co. v. Columbus
(1989), 63 Ohio App.3d 421, 428. The measure of damages, in a conversion action, is the value of the converted property at the time it was converted. Brumm v. McDonald Co. Securities, Inc. (1992),78 Ohio App.3d 96, 104.
 {¶ 20} In concluding that Appellant Lakeside wrongfully converted $4,290.61 of appellees' funds, the trial court held Appellant Lakeside exercised wrongful dominion over the funds once it rebuffed appellees' repeated inquiries about the money and refused to disburse the money. Judgment Entry, June 28, 2004, at 3. The trial court further determined Appellant Lakeside committed the conversion with malice because it consciously disregarded appellees' rights and such conduct had a great probability of causing substantial harm. Id. Thus, the trial court concluded appellees were entitled to attorney's fees and punitive damages. Id.
 {¶ 21} Appellant Lakeside contends it did not commit conversion because the funds at issue were not appellees' property, but were instead being held in escrow. Appellant Lakeside also maintains that it wrote four checks, on behalf of appellees, which establishes that it did not continue to exert control over the funds in question. However, the record indicates that these four checks were made payable to payees that were not owed any money and further, the four checks only totaled $1,040.08. Thus, Appellant Lakeside failed to account for the remainder of the funds that were escrowed.
 {¶ 22} Based upon the above, we conclude the trial court properly concluded that Appellant Lakeside committed conversion with malice.
 {¶ 23} Appellants' Second Assignment of Error is overruled.
 III {¶ 24} In its Third Assignment of Error, appellants maintain the trial court erred in allowing appellees to amend their complaint to include a violation of the OMBA and in finding a violation of said act. We disagree.
 {¶ 25} Appellants make several arguments in support of this assignment of error. First, appellants contend appellees moved to amend their complaint at the close of evidence. This is incorrect. The record establishes that appellees moved to amend their pleadings to conform to the evidence at the close of their case, and only after the issues and theories of the OMBA had been litigated . Further, appellants' objections to the amendment of the complaint were limited to the fact that the evidence did not support a verdict for appellees on this claim. Appellants did not object on the ground that a claim under the OMBA constituted a substantial change in the theory of the case.
 {¶ 26} It is within the trial court's discretion whether to allow the amendment of a complaint. Natl. Bank of Fulton Cty. v. Haupricht Bros.,Inc. (1988), 55 Ohio App.3d 249, 251. Accordingly, we will not reverse the decision of a trial court absent an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 27} In support of this argument, appellants rely upon R.C. 2309.58. However, this statute has been repealed as being in conflict with Civ.R. 15. Civ.R. 15(B) provides:
 {¶ 28} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment." * * *
 {¶ 29} We do not find the amendment pursuant to Civ.R. 15(B) resulted in a substantial change in the theory of the case. The original complaint contained claims for violation of the Consumer Sales Practices Act and a cause of action for breach of fiduciary duties. Many of the same protections afforded under the Consumer Sales Practices Act are similar to those found in the OMBA. Further, appellees' fiduciary claims are closely entwined with the OMBA claims. Thus, the trial court did not err when it permitted appellees to amend their complaint to conform to the evidence.
 {¶ 30} Appellants also maintain, under this assignment of error, that there was no violation of the OMBA. The trial court determined that appellants committed per se violations of R.C. 1322.062(A)(1)(f) and (g) and R.C. 1322.07(B). R.C. 1322.06(A)(1)(f) and (g) provide as follows:
 {¶ 31} "(A)(1) Within three business days after taking an application for a loan from a buyer, a registrant shall deliver to the buyer a mortgage loan origination disclosure statement that contains all of the following:
 "* * * {¶ 32} "(f) A statement that describes the method by which the fee to be paid by the buyer to the registrant will be calculated;
 {¶ 33} "(g) A statement that the lender may pay compensation to the registrant;"
 "* * *" {¶ 34} Further, R.C. 1322.07(B) provides:
 {¶ 35} "No mortgage broker, registrant, licensee, or applicant for a certificate of registration or license under sections 1322.01 to 1322.12
of the Revised Code shall do any of the following:
 "* * * {¶ 36} "(B) Make false or misleading statements of a material fact, omissions of statements required by state law, or false promises regarding a material fact, through advertising or other means, or engage in a continued course of misrepresentations;"
 "* * *" {¶ 37} In its judgment entry, the trial court found as follows concerning this issue:
 {¶ 38} "The Court finds that a yield spread premium is a payment from the lender to the registrant, and that it is a per se violation of R.C.1322.07(B) to omit this statement, or to make advance disclosure of it, as well as the remaining payments from the lender, and the method by which these payments were calculated." Judgment Entry, June 28, 2004, at 6-7.
 {¶ 39} On the HUD-1 Statement, "P.O.C." designated the money received by Appellant Lakeside from the lender. Such designation is cryptic and would not place appellees on notice of this payment. Further, the evidence supports the trial court's conclusion that the loan origination disclosure statement was not provided to appellees. Appellant Lakeside presented no evidence to establish that it did provide the required disclosure statement.
 {¶ 40} Finally, appellants refer to R.C. 1322.051(g) and claim that it was not in effect at the time of the transaction at issue. Appellants contend the effective date of this statute is May 24, 2002. We disagree with this conclusion. First, the effective date of this statute is May 2, 2002. Second, the transaction giving rise to this appeal occurred on July 25, 2004, which is the date of the only loan application that was admitted into evidence. Clearly, the statute was in effect when appellees submitted the application.
 {¶ 41} Accordingly, the trial court did not err when it permitting appellees to amend their complaint to allege a violation of the OMBA. The trial court also did not err in finding a violation of the OMBA.
 {¶ 42} Appellants' Third Assignment of Error is overruled.
 IV, V {¶ 43} We will address appellants' Fourth and Fifth Assignments of Error simultaneously as both concern the award of damages. In its Fourth Assignment of Error, appellants maintain the trial court erred in awarding punitive damages to appellees on Counts One, Two and Four as the evidence produced at trial was insufficient to support a finding of actual malice or conscious disregard which is a prerequisite to punitive damages recovery. Appellants further contend Counts One and Four contain no allegations of malice or conscious disregard. In its Fifth Assignment of Error, appellants contend the trial court erred in awarding damages exceeding appellees' prayer on Counts One and Four in violation of Civ.R. 54(C). We disagree with both assignments of error.
 {¶ 44} In Preston v. Murty (1987), 32 Ohio St.3d 334, the Ohio Supreme Court set forth the elements of malice needed to support an award of punitive damages. The Court indicated the defendant must have operated under "(1) that state of mind * * * which * * * is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Id. at paragraph one of the syllabus.
 {¶ 45} Further, there exists no specific test or mathematical formula for determining the appropriate amount for a punitive damages award. However, the factors to be considered include, "* * * the relationship between the parties, the probability of recurrence unless the conduct is deterred, the harm that is likely to occur from similar conduct as well as the harm that actually occurred, the reprehensibility of the conduct, the nature of the wrong, the removal of any financial profit so that future conduct results in a loss, the financial status of the parties, the deterrence value, a reasonable relationship between compensatory damages, whether the wrong is a single occurrence or constitutes a pattern of wrongful conduct, and others. No one factor by itself is dispositive." Myer v. Preferred Credit, Inc., 117 Ohio Misc.2d 8,2001-Ohio-4190, at ¶ 66.
 {¶ 46} We conclude the trial court properly awarded punitive damages on Counts One, Two and Four. The record establishes that appellees' property taxes remain unpaid. Appellant Lakeside could not explain why the property taxes have not been paid. Appellant Lakeside has not been able to determine how much of appellees' money remains in their possession and/or how the money has been distributed. Also, appellees paid $408.80 for a title insurance policy that has never been issued. Appellant Lakeside has made no effort to resolve this matter.
 {¶ 47} Further, the trial court is correct in noting that one of the most important reasons for imposing punitive damages is to deter this type of conduct in the future. This conduct establishes that Appellant Lakeside acted with a conscious disregard for appellees' rights that has a great probability of causing substantial harm to appellees. As such, the award of punitive damages was proper.
 {¶ 48} Appellants also claim, in their Fourth Assignment of Error, that appellees failed to allege malice or conscious disregard, as to Counts One and Four, and therefore, are not entitled to punitive damages as to these specific counts. It is not necessary that punitive damages be specially pleaded or claimed. Brookridge Party Ctr., Inc. v. FisherFoods, Inc. (1983), 12 Ohio App.3d 130, 131. However, the plaintiff must allege facts, in the complaint, from which the essential element of malice may be inferred. Columbus Finance, Inc. v. Howard (1975),42 Ohio St.2d 178, 183. In the case sub judice, appellees complaint contains facts, in Counts One and Four, sufficient to infer malice.
 {¶ 49} Finally, in its Fifth Assignment of Error, appellants argue the trial court erred in awarding damages exceeding appellees' prayer, on Counts One and Four, in violation of Civ.R. 54(C). Specifically, appellants maintain the damage award may not exceed the prayer that is in effect on the sixth day prior to trial. Appellants rely upon a version of Civ.R. 54(C) that is no longer in effect. Instead, in 1994, Civ.R. 54(C) was amended. Under the amended version of Civ.R. 54(C), the seven-day rule no longer exists.
 {¶ 50} Further, a review of appellees' complaint establishes that the trial court did not exceed the amount requested in appellees' prayer for relief. Appellees requested specific dollar amounts for compensatory damages. However, appellees also requested punitive damages, not to exceed the jurisdictional limits of the court; attorneys' fees; interest; and costs. The trial court's monetary judgment did not exceed appellees' prayer for relief.
 {¶ 51} Appellants Fourth and Fifth Assignments of Error are overruled.
 {¶ 52} For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby affirmed.
Wise, J. Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed.
Costs assessed to Appellants.
[1] This statute was repealed on April 9, 2003.