[Cite as *Ellis v. Johnson*, 2015-Ohio-3391.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GLENDA ELLIS, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KENNETH C. JOHNSON, | : | Case No. 15 CA 2 |
| | : | |
| Defendant- Appellee | : | O P I N I O N |
| | : | |
| -vs- | | |
| SHERMAN ELLIS, | | |
| Third Party Defendant | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Guernsey County Court of Common Pleas, Case No. 13PI000362 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT: | August 20, 2015 |

APPEARANCES:

For Plaintiff-Appellant

SCOTT S. BLASS
JAMES B. STONEKING
Bordas & Bordas, PLLC
1358 National Road
Wheeling, West Virginia  26003

For Defendant/Third-Party
Plaintiff/AppelleeKenneth Johnson

MATTHEW P. MULLEN
Krugliak, Wilkins, Griffiths
& Dougherty Co., L.P.A.
158 North Broadway
New Philadelphia, OH 44663

*Baldwin, J.*

{¶1}   Plaintiff-appellant Glenda Ellis appeals from the December 8, 2014 Judgment Entry of the Guernsey County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Kenneth Johnson.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 28, 2012, appellee Kenneth Johnson was operating a diesel tractor, with a loader on it, and pulling a wagon on State Route 265. The wagon contained ten round bales of hay each which weighed approximately 1,000 pounds. There were no lights on the rear of the tractor which had a slow moving vehicle reflector sign on the back of the wagon.  During his deposition, appellee testified that he had to "raise up off the seat" to see behind the wagon. Deposition of Kenneth Johnson at 31. Photographs of the wagon taken on the day in question by police show that the bales of hay almost completely obscured appellee from view.

{¶3}   Appellee testified that he was getting ready to make a left turn at the intersection of State Route 265 and Salem Road and  "had my arm out to hand signal left and raised up a little bit and didn't see anything,…" Deposition of Kenneth Johnson at 43.   According to appellee, he did not see anything coming from the opposite direction and proceeded to make the turn. At the same time, Sherman Ellis, who was operating a motorcycle on which appellant Glenda Ellis was a passenger, decided to pass appellee. As appellee made the left turn, the fork on the front of the loader collided with appellant on the motorcycle.   Appellant fell to the ground.

{¶4}    On August 8, 2013, appellant filed a complaint against appellee. Appellee, on August 26, 2013, filed an answer with a third party complaint against Sherman Ellis, the driver of the motorcycle.

{¶5}    Subsequently, on August 29, 2014, appellee filed a Motion for Summary Judgment and Sherman Ellis filed a Motion for Summary Judgment.  Pursuant to an Entry filed on November 19, 2014, the trial court granted appellee's motion and ordered appellee's counsel to prepare a final judgment entry. The trial court further denied the motion filed by Sherman Ellis as moot.

{¶6}    A Final Judgment Entry of Summary Judgment was filed on December 8, 2014. The trial court, in such entry, found that Sherman Ellis had committed negligence per se by passing  within 100 feet of an intersection in violation of R.C. 4511.30(A)(3) and that appellee had committed no negligence. The court found that "the decision to illegally pass Johnson's tractor/wagon, in the middle of an intersection, proximately caused the accident."  The trial court found that appellee had signaled before he attempted to make the left hand turn.

{¶7}    Appellant now raises the following assignment of error on appeal:

{¶8}    THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO THE DEFENDANT, KENNETH C. JOHNSON, WHERE MATERIAL ISSUES OF FACT EXISTED REGARDING JOHNSON'S COMPLIANCE WITH HIS LEGAL DUTIES AND WHERE, IN ANY EVENT, THERE WERE ISSUES OF APPORTIONMENT OF FAULT AMONG JOINT TORTFEASORS.

SUMMARY JUDGMENT STANDARD

{¶9}    Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶10} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.,* 15 Ohio St.3d 321, 474 N.E

.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

{¶11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E .2d 1243.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

I

{¶13} Appellant, in her sole assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment. We agree.

{¶14} Appellant argues that she raised genuine issues of material fact both as to appellee's duty of lookout and duty to signal before turning. R.C. 4511.39(A) states, in

relevant part, as follows: "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. …" R.C. 4511.39(A) requires a driver to both use reasonable care *and* to signal when changing lanes. *State v. Richardson,* 94 Ohio App.3d 501, 505, 641 N.E.2d 216 (1st Dist.1994); *State v. Lowman,* 82 Ohio App.3d 831, 613 N.E.2d 692 (12th Dist.1992).

{¶15} The trial court, in its December 8, 2014 Judgment Entry, found that as he approached the intersection, appellee raised up to see what was behind him before turning, signaled with his arm to turn left and that he did not fail to signal an intention to turn.

{¶16} During his deposition, appellee testified that he had to raise up out of his seat to see what was behind him due to the bales. He testified as follows when asked to explain how the accident occurred:

{¶17} A:    I was coming, getting ready to turn. I had my arm out to hand signal left and raised up a little bit and didn't see anything, so I assumed everybody was doing what they were supposed to be, and I -- nothing coming from in front, so I turned left to get there so I would not stop on the road and proceeded to turn left.

{¶18} Deposition of Kenneth Johnson at 43. Appellee also testified that he was unsure whether anyone behind him would have been able to see any hand signals that he might make.

{¶19} Sherman Ellis, during his deposition, testified that as he approached the wagon from the rear, he could only see the back of appellee's head. The following

testimony was adduced when he was asked whether appellee had raised off of his seat prior to making the turn:

{¶20}  Q.       Did you -- he indicated that prior to making his turn, he raised off the seat.  Did you see him do that?

{¶21}  A.       No, I did not.

{¶22}  Q.       Do you -- can you say for sure that he did not do that, or you just didn't see it?

{¶23}  A.       I pay pretty close attention to the road, especially on my bike, and I -- did not see any hand movement or anybody raising up off the seat.

{¶24}  Q.       Okay.  Are you able to say -- you also heard him testify that he gave a hand signal approximately 150 feet back from the intersection until the time he had to put his hands on the wheel.

{¶25}  A.       Yes.

{¶26}  Q.       Are you able to affirmatively say that's not true?

{¶27}  A.       I didn't see it, no.

{¶28}  Q.       Okay.

{¶29}  A.       I didn't see it.

{¶30}  Q.       I appreciate that you didn't see it.  Is it possible that he did it and you just didn't see it?

{¶31}  MR. MCGRAW:       Objection to the form of the question.

{¶32}  MR. SUTHERLAND:       Objection.

{¶33}  A.       I'm going to say no.

{¶34}  Q.       Okay. So you believe he did not signal?

{¶35} A.      No - -  or yes.

{¶36} Q.      That is what you believe, that he did not signal?

{¶37} A.      Yes, it is, yes.

{¶38} Deposition of Sherman Ellis at 23-24.

{¶39} Based on the foregoing, we find that there are genuine issues of material fact in dispute as to whether or not appellee "exercised due care to ascertain that the movement can be made with reasonable safety" and whether or not he signaled before turning. There also is a genuine issue of material fact as to whether or not any hand signal given by appellee "clearly indicated" to Sherman Ellis that he intended to turn left, as required by R.C. 4511.39(A).

{¶40} Appellant, in her brief, further challenges the trial court's presumed acceptance of appellee's argument that if Sherman Ellis was guilty of negligence per se, the analysis was ended.

{¶41} We note that appellant, in her appeal, does not contest the trial court's finding that Sherman Ellis was guilty of negligence per se for violating R.C. 4511.30(A)(3). As is stated above, the trial court found that Ellis had violated the same by illegally passing appellee's tractor/wagon in the middle of an intersection.

{¶42} However, Ohio law provides that the issue of apportionment of negligence is for the jury. As noted by the court in *Abraham v. Werner Enterprises*, 6th Dist. Erie No. E-02-013, 2003-Ohio-3091 at paragraph 19**:**

> It is well-settled law in Ohio that the issue of proximate cause is a question of fact to be determined by the trier-of-fact. *Hitchens v. Hahn* (1985), 17 Ohio St.3d 212,

214, 478 N.E.2d 797. It is further well-settled that "[n]egligence per se does not equal liability per se. Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted." *Merchants Mut. Ins. Co. v. Baker* (1984), 15 Ohio St.3d 316, 318, 473 N.E.2d 827. The principles of comparative negligence are applicable to all negligence actions tried after the effective date of R.C. 2315.19, that date being June 20, 1980. *Wilfong v. Batdorf* (1983), 6 Ohio St.3d 100, 451 N.E.2d 1185, paragraph three of the syllabus. Under the comparative negligence statute, the totality of causal negligence is to be examined, and is a question to be submitted to the jury whose duty it is to apportion that negligence. *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 115, 451 N.E.2d 780. Thus, even a defendant who has been deemed negligent per se can raise the affirmative defense of contributory negligence.

{¶43} Thus, even if Sherman Ellis was guilty of negligence per se, it was the duty of the jury to apportion the negligence between Ellis and appellee.

{¶44} Based on the foregoing, appellant's sole assignment of error is sustained.

{¶45} Accordingly, the judgment of the Guernsey County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.